## Haley *et al.* *versus* City of Philadelphia.

68    45
172   144
J172  150

1. The legislature may direct the *time* for paying damages assessed for taking property for public use.

2. Where the words and intention of an act are so plain that a court had not been appealed to to declare their meaning, the legislature cannot, by a retrospective law, put a construction on them contrary to their true intent and meaning.

3. An expository act has no retroactive force, because an act of judicial powers; it contravenes the 9th section of the 9th article of the constitution.

4. O'Connor *v.* Warren, 4 W. & S. 223 distinguished.

February 28th and March 1st 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 223, to January Term 1871.

This was an action of debt, brought September 30th 1869, by Sarah J. Haley and Mortimer O'Connor and Susan E. his wife against the City of Philadelphia. The suit was upon the award of a jury assessing damages for property of the plaintiffs taken for the Park.

By the Act of March 26th 1867, Pamph. L. 547, a plot of ground in Philadelphia, including plaintiffs' property, was appropriated for a Park and vested in the city. The act appointed commissioners with whom the owners of the land might negotiate and agree for the price of the land; if such agreement should not be made, the Court of Quarter Sessions upon petition to appoint a jury of twelve freeholders, and the amount of their assessment to be paid by the city.

On the 2d of January 1868, the plaintiffs petitioned the court for the appointment of a jury to assess their damages. The jury awarded to the plaintiffs $45,746.74, besides a lien and taxes on the premises. Their report was filed April 14th 1868; exceptions were filed to the report, and it was not confirmed until May 9th 1868. On the 3d of April 1869, the city treasurer paid to the plaintiffs the principal sum awarded, viz.: $45,746.74, which was received by the plaintiffs under an agreement that their right to claim interest should not be prejudiced.

The plaintiffs' points were:—

1. The plaintiffs are entitled to recover interest on the amount awarded them from the day upon which the jury returned and filed their report, to wit, from April 14th 1868.

2. The plaintiffs are entitled to recover interest upon the amount due and unpaid from the date of the payment of the principal, to wit, from April 3d 1869.

The court (Hare, P. J.) instructed the jury to find the full amount of the plaintiffs' claim, and reserved the points.

The jury found for the plaintiffs $2840.62.

[Haley *v.* City of Philadelphia.]

Judgment was afterwards entered on the reserved points for $2504.91, being interest from the confirmation of the report.

The plaintiffs took a writ of error and assigned for error: not entering judgment for the amount of the verdict.

By the Act of April 14th 1868 (a supplement to Act of March 26th 1867), § 10, Pamph. L. 1086, it is provided, amongst other things, that "whenever any report of the commissioners or jury shall have been confirmed by the court, the valuation shall be forthwith payable by the city of Philadelphia." By another supplement, April 21st 1869, § 9, Pamph. L. 1196, it is enacted that " the true intent and meaning" of the Acts of 1867 and 1868 were, " that no interest shall be allowed on damages for ground taken, up to the time of their payment on the issue of any warrant for their payment by the city of Philadelphia."

*J. Parsons* (with whom was *J. C. Bullitt*), for plaintiffs in error. —Interest constitutes a substantive part of the principal, and cannot be severed: Estate of Bank of Pennsylvania, 10 P. F. Smith 471; McQuesney *v.* Hiester, 9 Casey 435. Interest runs from filing the report: Penna. Railroad *v.* Cooper, 8 P. F. Smith 408. The owner would not have the award increased if the land enhanced in value after the finding and before the confirmation: Searle *v.* Lackawanna Railroad, 9 Casey 57. The power of the city to use the land at any time, deprives the owner of its use beneficially: City *v.* Dickson, 2 Wright 247; City *v.* Dyer, 5 Id. 463. The Act of 1869 is unconstitutional if meant to apply to property already taken: Caldwell *v.* Catawissa Railroad, 25 Leg. Intel. 332.

*C. H. Jones* (with whom was *T. J. Barger*, City Solicitor), for defendant in error.

The opinion of the court was delivered, May 8th 1871, by

Sharswood, J.—It was undoubtedly competent for the legislature, in providing for the ascertainment and payment of damages for property taken and appropriated for public use, as in this case of the Fairmount Park, to direct at what time the amount should be payable, and a jury in assessing the damages must govern itself accordingly. It might be a more just provision to direct in every case interest from the date of the assessment. We must look to and be governed by the law as it stood at the time when the jury made the assessment. The 10th section of the Act of April 14th 1868, Pamph. L. 1086, has no application to this case, because, although the report of the jury was filed on the 14*th* day of April 1868, the day the act was approved by the governor, and became a law, yet the jury had been appointed, proceeded and found their verdict under the previous Act of March 26th 1867, Pamph. L. 547. By the 3d section of that act it was provided that owners of

[Haley *v.* City of Philadelphia.]

ground taken should be paid according to the value to be ascertained by a jury: "And said jury shall proceed and their award shall be reviewed and enforced in the same manner as provided by law in the opening of roads in the city of Philadelphia." It was settled by this court in The City of Philadelpha *v.* Dyer, 5 Wright 463, that under the laws as to the opening of roads in the city of Philadelphia, interest is to be allowed from the date of the assessment. We are of opinion that the court below erred in reducing the amount of the verdict and entering judgment for such reduced amount under the reserved point.

The only other question which can arise upon this record, is as to the effect of the Act of April 21st 1869, § 9, Pamph. L. 1194. This section is a legislative declaration that the true intent and meaning of the Acts of 1867 and 1868 were, "that no interest shall be allowed on damages for ground taken up to the time of their payment on the issue of any warrant for their payment by the city of Philadelphia." In connection with this act much reliance is placed upon the case of O'Connor *v.* Warner, 4 W. & S. 223, in which it was held by this court, that until the judiciary has fixed the meaning of a doubtful law, upon which rights have become vested, it may be explained by legislative enactment. It is clear that this principle was only intended to apply to a law the construction of which was really doubtful. Chief Justice Gibson, in that case, declares that "a legislative direction to perform a judicial function in a particular way would be a direct violation of the constitution, which assigns to each organ of the government its exclusive function and a limited space of action:" Lambertson *v.* Hogan, 2 Barr 25; Greenough *v.* Greenough, 1 Jones 495. It would be monstrous to maintain that where the words and intention of an act were so plain that no court had ever been appealed to for the purpose of declaring their meaning, it was therefore in the power of the legislature by a retrospective law to put a construction upon them contrary to their obvious letter and spirit. Reiser *v.* The William Tell Saving Fund Association, 3 Wright 137, is an authority in point against such a doctrine. An expository Act of Assembly is destitute of retroactive force, because it is an act of judicial power, and is in contravention of the 9th section of the 9th article of the Constitution, which declares that no man can be deprived of his property, "unless by the judgment of his peers or the law of the land."

Judgment reversed, and now judgment for the plaintiff for the amount found by the verdict.