# TITUSVILLE IRON WORKS v. KEYSTONE OIL CO.

ERROR TO THE COURT OF COMMON PLEAS OF VENANGO COUNTY.

Argued October 4, 1888—Decided November 5, 1888.

| | |
|---|---|
| 122 | 627 |
| 138 | 429 |
| 122 | 627 |
| 172 | 144 |
| J172 | 149 |
| 122 | 627 |
| d219 | 530 |
| 122 | 627 |
| 39SC³315 | |

1. The act of June 17, 1887, P. L. 413, "relating to the lien of mechanics and others upon buildings," is in violation of § 6, article III., of the constitution, providing that no law shall be revived, amended, extended or conferred by reference to its title only, etc.
2. Moreover, the said act is the exercise of judicial power by a department of the government which does not possess it, in violation of § 1, article V., of the constitution, vesting in the clearest manner the judicial power of the commonwealth in the several courts.
3. Since the adoption of said sections of the constitution, all statutes must be self-explanatory in their provisions, and, even as to future cases, statutes directing what construction shall be given to previous legislation, are inoperative.
4. As the provisions of the subsequent sections of said act all relate to a class of claimants not within the provisions of the acts referred to in the first section, with the fall of the first section, the subsequent sections must fall with it.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; CLARK and HAND, JJ., absent.

No. 105 October Term 1888, Sup. Ct.; court below, No. 132 November Term 1887, C. P.

On October 30, 1887, a scire facias sur mechanics' lien was issued at the suit of R. H. Boughton and E. H. Ames, doing business as the Titusville Iron Works, against the Keystone Oil Company, owner or reputed owner and contractor. The lien upon which the writ issued was filed on September 30, 1887, for materials furnished by the plaintiffs between March 31, 1887, and July 30, 1887, for and about the erection and construction of the several buildings and structures constituting an oil refinery, upon a parcel of ground in Cornplanter township, containing 55.15 acres. The materials consisted of stills, boilers, tanks, etc., etc., furnished, the amount of the items in the claim aggregating $23,545.38.

On December 16, 1887, the defendant company filed an affidavit of defence in which it was averred inter alia:

1. Plaintiffs did not give to defendant notice of the amount and character of their claim at the time of the delivery of the materials in the bill of particulars mentioned, or within ten days thereafter, as is required by act of assembly.

A rule upon defendant having been granted, to show cause why judgment should not be entered for want of a sufficient affidavit of defence, the court, TAYLOR, P. J., on March 26, 1884, discharged the rule on the ground that no notice had been given as required by § 2, act of June 17, 1887, P. L. 413; exception noted for the plaintiffs.

On March 31, 1888, a rule for a re-argument was awarded. This rule was discharged on April 23, 1888, the court saying:

Two reasons are urged upon the part of the plaintiffs in support of the rule: First, the alleged unconstitutionality of the act of June 17, 1887, and second, if said act should be held constitutional, then that portion of the act requiring ten days notice upon the part of a material man, is limited to the classes of persons named in the act, and therefore not applicable to the plaintiffs.

As to the first proposition. I have my grave doubts of the constitutionality of this act, but it is not so clearly so that I would feel warranted in placing such judicial construction upon it. The second reason is also plausible, but the legisla-

ture had jurisdiction of the subject matter, and when they used the broad terms, "all material men," etc., a Court of Common Pleas must fairly infer that the legislature intended what they expressed in such unmistakable language, however inconsistent it may appear when read in connection with the other provisions of the act.

An exception having been sealed, the plaintiffs then took this writ, assigning for error:

1. The discharge of the rule for judgment.
2. The refusal to enter judgment for the plaintiffs.

*Mr. Roger Sherman* (with him *Mr. Samuel Grumbine*), for the plaintiffs in error:

1. Under the act of June 16, 1836, P. L. 696, it was ruled that a contractor could not bind a building to the journeymen and laborers he employed, and that no one could bind it for labor done or materials furnished except the owner, or the contractor immediately under him, the law, as construed by this court, excluding sub-contractors, laborers and mechanics from the privilege of a lien: Harlan v. Rand, 27 Pa. 511. This decision, made in 1856, has since remained the law of the land as construed by this court, except as modified by § 5, act of April 16, 1845, P. L. 538. But by the act of June 17, 1887, P. L. 413, the legislature undertook to declare a construction to be put upon the law. Yet as it was, the law was not of doubtful meaning; it had long been settled by judicial decision. It is the exclusive constitutional function of the courts to declare what the law is and what it has been: Cooley, Const. Lim., 93, 94; Lambertson v. Hogan, 2 Pa. 22, 25.

2. The act contains no words indicating that the legislature intended to give it a retrospective effect: it but purports to construe "the true intent and meaning" of the acts of 1836 and 1845. On March 31, 1887, when the plaintiffs began to furnish the material, there was no law requiring notice to be given. On June 17th, the date of the approval of the act under consideration, articles had been furnished to the amount of $17,638.48. The right to the lien was part of the contract. It was not merely a remedy, it was also a vested right. There is a just distinction between changing or giving a remedy, as

Arguments.

in Hepburn v. Curts, 7 W. 300, and Schenley v. Allegheny City, 36 Pa. 29, 57, and the taking away absolutely of a remedy established by law, for the enforcement of a lien given by law, and upon the faith of which the plaintiffs' contract was made: Haley v. Philadelphia, 68 Pa. 45, 47; Potter's Dwarris, 162; McCabe v. Emerson, 18 Pa. 111; Edwards v. Kearzy, 96 U. S. 595.

3. But the act of June 17, 1887, is unconstitutional: (a) Because, in plain contravention of § 6, article III., of the constitution, it assumes to extend the provisions of the acts of 1836 and 1845 so that they shall thereafter give liens to sub-contractors, laborers and mechanics, and to do so only by referring to the titles of those acts. (b) Because it assumes to construe and interpret the acts of 1836 and 1845, which is an attempted usurpation by the legislature of the functions of the judiciary. (c) Because its title fails to clearly express the subject of the bill, and its subjects are more than one, in violation of § 3, article III., of the constitution: Penn. R. Co. v. Riblet, 66 Pa. 164, 169; Mauch Chunk v. McGee, 81 Pa. 433; Dorsey's App , 72 Pa. 192. (d) Because, moreover, the subject matter is not clearly expressed in the title: Phœnixville Road, 109 Pa. 44; Sewickley Borough v. Sholes, 118 Pa. 165; State Line & Juniata R. Co.'s App., 77 Pa. 429; Craig v. First P. Church, 88 Pa. 42; Pottstown Borough, 117 Pa. 538.

*Mr. J. H. Osmer* (with him *Mr. E. H. Lamberton*), for the defendant in error:

1. It may be said of the first section of the act of 1887, that it is declaratory and expository. As to all claims arising subsequent to the passage of the act and within the provisions of the first section, it is clearly within legislative authority. " It is always competent to change an existing law by a declaratory statute, and when the statute is to operate only upon future cases, it is no objection to its validity that it assumes the law to have been in the past what it now directs it shall be in the future: Cooley, Const. Lim., 112; Mutual Life Ins. Co. v. Supervisors, 16 N. Y. 424. But the provisions of the first section have no application to this case ; the plaintiffs' case falls within the second section.

2. That section in no way interferes with the right of lien;

it merely requires the material man to give notice within ten days after the last item is furnished, of his intention to look to the property as security. The act relates solely to the remedy. "The legislature may pass laws altering, modifying, or even taking away remedies for the recovery of debts, without incurring a violation of the constitution, which forbids the passage of ex post facto laws or laws impairing the obligation of contracts:" Evans v. Montgomery, 4 W. & S. 218; Sayres v. Commonwealth, 88 Pa. 291; Bolton v. Johns, 5 Pa. 145.

3. In enacting the statute of June 17, 1887, the legislature by the first section did nothing more than to declare an interpretation. The form observed was the precise form of legislation in the passage of the mechanics' lien law of 1845, whereby the provisions of the act of 1836 were extended to persons held not to be embraced therein. It never was supposed that the act of 1845 was an assumption of judicial authority: See Jobsen v. Boden, 8 Pa. 463; Bank of Penn. v. Gries, 35 Pa. 426. The act of 1887 is but a supplement to the acts of 1836 and 1845: Roth v. Hobson, 5 Pa. C. C. R. 17. Moreover, the subject of the act relates to the liens of mechanics and others upon buildings, and it is so expressed in the title. " All that is required is that the title fairly give notice of the subject of the act, so as reasonably to lead to an inquiry into its body:" Allegheny Co. Home's App., 77 Pa. 77; Pottstown Borough, 117 Pa. 538.

OPINION, MR. JUSTICE WILLIAMS:

The controlling question in this case is over the constitutionality of the act of June 17, 1887, entitled " An act relating to the lien of mechanics and others upon buildings." It undertakes to change the construction of the acts of 1836 and 1845 in regard to the persons embraced within their provisions. To determine whether this has been done in a constitutional manner, we should notice, first, the construction prevailing prior to the passage of the act of 1887, and next, the manner in which that act attempts to change the law.

The courts had given judicial construction to the acts of 1836 and 1845 in a series of well considered cases, beginning with Harlan v. Rand, 27 Pa. 511. They had uniformly held that to entitle a mechanic or a material man to a lien upon a

building for work done or materials furnished, it was necessary that the work or materials for which a lien was claimed, should have been done or furnished on the basis of a contract, express or implied, with the owner and on the credit of the building. Work done for and materials furnished to a sub-contractor, and work done by journeymen and laborers, did not authorize the entry of a lien by the individual laborer or by him who dealt with a sub-contractor. This construction was well settled and had been for many years prior to the act of 1887. The object of the legislature in passing the act of 1887, was to change the law in such manner as to extend to, and confer upon, all laborers and mechanics whose claims amounted to ten dollars and upwards by whomsoever employed, and to all material men, no matter upon whose order the material was furnished, the same right to a separate lien as was enjoyed by those who were under the protection of the acts of 1836 and 1845, as construed by the courts. The method adopted for making this change in the law was not by the passage of an act extending the right to a lien for work and materials to the new classes, but by a direction to the courts to construe the acts of 1836 and 1845 in such manner as to include the new classes within their provisions.

The first section declares that the provisions of the acts of 1836 and 1845 shall be construed to include claims for labor done by mechanics and others in the erection and construction of buildings; i. e., for all labor done, no matter at whose instance or upon whose credit it was done.

Now, the constitution provides in section 6, of article III., that " No law shall be revived, amended, extended, or conferred by a reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length ; " while the act of 1887 extends and confers the benefits of the acts of 1836 and 1845 to a large class of claimants, without the re-enactment of a single one of the provisions of the acts so extended, and by a reference to their titles only. It would be difficult to imagine a plainer violation of the constitutional provision. But this is not the only clause of the constitution against which the act of 1887 offends. Section 1, of article V., vests in the clearest manner possible the judicial power of the commonwealth in the several courts.

The legislature can no more exercise judicial powers than the courts can arrogate to themselves legislative powers.   The legislative and judicial departments of the government are independent and co-ordinate.   The act of 1887 is in no respect a legislative declaration of the rights and privileges of the class of persons to whom it relates, but it is a judicial order or decree directed to the courts.   It undertakes to give a new and final interpretation of the acts of 1836 and 1845, and directs the courts to adopt that interpretation in all cases that may be before them.   Obedience to this order requires an abandonment of a long line of cases, and makes it incumbent on the courts to declare that a large class of claimants is within the provisions of those statutes which they have heretofore solemnly adjudged was not within them.   To make this objection still more apparent it may be borne in mind that the act of 1887 is not an expository statute following upon the heels of that which it seeks to explain, but that it refers to a law which has been on the statute book for over half a century, and the meaning of which has been long and well settled by the courts; and it attempts to overturn the judicial construction given to its provisions, and to force upon the courts the new one which it furnishes ready made.   This is a clear case of the exercise of judicial powers by a department of the government that does not possess them, and is a violation of article V., section 1, of the constitution.

We do not forget a class of cases of which Lambertson v. Hogan, 2 Pa. 22, and Haley v. Philadelphia, 68 Pa. 45, are examples.   Under the constitution, as it stood prior to 1874, the limits within which legislative power was to be exercised were not as closely drawn as they now are.   Many things were then permissible, as to the character and form of legislation, which the present constitution plainly forbids.   Expository statutes, and statutes directing the courts what construction should be given to previous legislation were not uncommon prior to 1874, and the courts, while pronouncing all such legislation to be judicial in its character and void as to any retroactive effect intended, yet sought to give effect to the legislative will however expressed as to future cases.   As the constitution prescribed no form or order into which the legislative expression was to be cast, the court sought to give effect to the

purpose, however expressed. But the constitution of 1874, section 6, of article III., already referred to, requires all statutes to be self-explanatory and complete in their provisions, and forbids the extension, amendment, revival, or the use of any other method of conferring the benefits of previous legislation short of a re-enactment at length. This effectually closes the old and well-worn short-cut route, and we cannot, no matter how much inclined we might be to do so, give effect, even as to future cases, to expository acts like that under consideration. They are void as an unauthorized exercise of judicial power, and they are void because of the infraction of section 6, of article III.

It has been suggested that the second section of the act might stand, though the first should, for the reasons given, fall. We do not think so. An examination of the act as a whole shows that its provisions all relate to the same class of claimants, and were intended to add for the benefit of that class some provisions not found in the acts of 1836 and 1845. If, as we hold, these claimants are not brought under the acts referred to by the first section, the remaining sections have nothing on which they can take effect. They are a headless trunk; and our system of liens for the benefit of mechanics and material men remains as it was before the act of 1887 was passed. It follows that the affidavit of defence, which rested under the ruling of the court below on the averment of want of notice in accordance with the act of 1887, was insufficient, and judgment should have been entered non obstante.

It is therefore ordered that the record be remitted and that the court below proceed to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court why such judgment should not be entered.