# Commonwealth, Appellant, *v.* Wayne Sewerage Co. et al.

*Constitutional law—Title of act—Extension of liability—Acts of July 12, 1919, P. L. 914, and May 21, 1923, P. L. 288—Taxation —Bonus—Corporation stocks.*

1. The second proviso to section 1 of the Act of May 21, 1923, P. L. 288, offends against article III, section 6, of the Constitution of the State, and is void in so far as it attempts to extend, by reference to its title only, the liabilities possibly imposed by the Act of July 12, 1919, P. L. 914, under other circumstances than those appearing in the latter statute.

2. All statutes attempting to impose liability, where none existed before, must be self-explanatory and complete within themselves.

*Taxation—Corporations—Capital stock—"Stated capital" — Act of May 21, 1923, P. L. 288—Bonus.*

3. The words "stated capital," appearing in section 1 of the Act of May 21, 1923, P. L. 288, refer to the real capital of the corporations specified in the statute.

4. Not decided whether the legislature can constitutionally provide that the bonus upon the capital stock of corporations shall be charged on a valuation fixed according to an arbitrary standard, instead of according to the actual value of the capital stock.

Argued May 24, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 15 and 16, May T., 1926, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1924, Nos. 75 and 77, for defendants, in cases of Commonwealth v. Wayne Sewerage Co. and Commonwealth v. Castalia Portland Cement Co. Affirmed.

Appeal from tax settlement. Before HARGEST, P. J. The opinion of the Supreme Court states the facts. Judgment for defendants. Commonwealth appealed.

*Errors assigned* were, inter alia, judgments, quoting record.

*John Robert Jones,* Special Attorney for the Commonwealth, with him *George W. Woodruff,* Attorney General, for appellant.—Any contention as to the unconstitutionality of the Act of 1923 by virtue of the provisions of section 6, of article III, of the Constitution in their application to the second proviso contained in the first section of the act is invalid.

The provisions of section 11 of the Act of 1919 are expressly applicable to the capital stock consisting of no par value shares which were created and issued by appellee companies in the instant cases by virtue of their procedure under the authority of the Act of 1923.

When, as a result of the exercise of the authority conferred by the Act of 1923, capital stock consisting of no par value shares resulted, such capital stock is of the same nature and character and subject to the same liability as capital stock consisting of no par value shares created and issued under the provisions of the Act of 1919 just as is the capital stock consisting of par value shares resulting from the exercise of the authority conferred by the Act of 1923 of the same character and nature and subject to the same liabilities as capital stock consisting of par value shares issued under the authority of the general incorporation Act of 1874 and its supplements.

When, as a result of the change or conversion proceedings by appellee companies, the aggregate of the no par value shares of capital stock issued by appellees at the fixed value of $100 each exceeded the aggregate of the par value capital stock which was converted into such no par value capital stock, there was a liability for a bonus upon the excess.

*William R. Scott,* of *Gordon, Smith, Buchanan & Scott,* with him *W. S. Snyder* and *L. E. Hickman,* for appellee, Castalia Portland Cement Company.—If the Act of 1923 be so construed that, by reason of its reference to the Act of 1919, it was intended to provide a new

method for the imposition of bonus, it is unconstitutional because such a subject is not mentioned in the title to the act: Provident L. & T. Co. v. Hammond, 230 Pa. 407; Dorsey's App., 72 Pa. 192.

The Act of 1919 being a part of the Act of 1923, not by its own force but as a result of incorporation, violates the provisions of article III, section 6, of the Pennsylvania Constitution.

To the extent that the attempted incorporation by reference creates or affects substantive rights or imposes new obligations, it is a violation of both the purpose and the letter of article III, section 6, of the Pennsylvania Constitution and is therefore invalid: Titusville Iron Works v. Oil Co., 122 Pa. 627; Manchester Twp. v. Com'rs, 257 Pa. 442; Lloyd v. Smith, 176 Pa. 213; Com. v. Cooper, 277 Pa. 554; Com. v. Dougherty, 39 Pa. Superior Ct. 338; Pittsburgh's Petition, 138 Pa. 401; Mellor v. Pittsburgh, 201 Pa. 397; James Smith Woolen Machinery Co. v. Browne, 206 Pa. 543; Gilbert's Est., 227 Pa. 648.

*C. E. Morgan, 3d,* with him *Wm. S. Snyder,* for appellee, Wayne Sewerage Company.—There is no increase of capital stock. No authority can be found in any Pennsylvania bonus statute for the exaction of a bonus on the conversion of shares of stock without an increase of capital stock: Com. v. Trust Co., 233 Pa. 92; Torrance v. Land Co., 17 Dauphin Co. R. 269; Hood Rubber Co. v. Com., 238 Mass. 369; Olympia Theatres, Inc., v. Com., 238 Mass. 374.

*Henry S. Drinker, Jr.,* for Atlas Portland Cement Company and Budd Wheel Company, Intervenors, in addition to argument on the general questions involved, collected in his brief the early statutes defining the legislative conception of capital stock.

OPINION BY MR. JUSTICE SIMPSON, June 26, 1926:

These two cases were argued together; they have the same controlling facts, and one opinion will suffice for both.

Following appropriate action by each corporate defendant, its stockholders surrendered their shares of capital stock, which had a specified par value, and received in lieu thereof a larger number of shares having no par value. The Commonwealth thereupon began the present proceedings, claiming to recover an additional bonus on the capital stock, measuring the amount upon which it was to be charged, by the difference between an alleged statutory capital (ascertained by multiplying the number of new no-par shares by $100) and the sum upon which a bonus had theretofore been paid. The court below decided that, since the corporations did not receive any additional capital when the exchange of shares was made, the State had no legal claim. She thereupon prosecuted the present appeals.

Without even intimating an objection to the method by which the court below reached its conclusion, we prefer to affirm its judgment for the more fundamental reason that the second proviso to section 1 of the Act of May 21, 1923, P. L. 288,—which is the only possible basis for the Commonwealth's claim,—is void, because of article III, section 6, of the Constitution of the State, which provides that "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length."

The Act of 1923 authorizes any corporation, not excluded by the terms of the statute, to "change or convert any or all of the shares of its authorized or outstanding capital stock into one or more classes and kinds, either with or without nominal or par value......provided, further, that any shares of capital stock without nominal or par value, created under the provisions of this act,

shall be subject to all of the provisions contained in the Act of July 12, 1919 (P. L. 914), entitled 'An act authorizing [certain] stock corporations......to make provision, upon formation, reorganization, merger or consolidation, for the issue of either or both preferred or common shares without nominal or par value; regulating the same and such corporations; and prescribing the method of determining the number of shares and capital of corporations issuing shares in such manner.'" The Act of 1923 does not reënact any part of the Act of 1919, nor does it, within its four corners, contain any reference to the payment of a bonus. The Commonwealth's claim must necessarily fail, therefore, unless it can be sustained because of the reference in its title to the Act of 1919.

By section 11 of the last named statute, on the formation or reorganization of certain corporations, or on the merger or consolidation of two or more of them, "for the purpose of computing the bonus required to be paid under the laws of this Commonwealth......each share of stock without any nominal or par value......shall be considered the equivalent of a share having a nominal or par value of $100." Assuming, but not deciding, that this section requires corporations, under the circumstances stated in it, to pay an additional bonus, if the statutory capitalization, thus provided for, exceeds that upon which a bonus has previously been paid,—and this is the basis of the Commonwealth's claim,—we then have a typical case of an attempt to extend, by reference to its title only, a statute restricted in its operation to the formation, organization, merger or consolidation of corporations, to others not being formed, organized, merged or consolidated, and, by that means, to impose a liability which theretofore did not exist. This is exactly what the Constitution says may not be done.

The writer has read every decision of both appellate courts, in which article III, section 6, of our Constitution has been considered, but has found none which even

remotely suggests that an act can be sustained which attempts, solely by reference to the title of some other statute, to impose a liability where none existed before. The cases are quite numerous, but the true rule, where it is attempted to impose a liability by reference to some earlier statute, is that set forth in Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627, 634, and never thereafter antagonized. We there said: "Section 6, of article III......requires all statutes [of the character stated] to be self-explanatory and complete in their provisions, and forbids the extension, amendment, revival, or the use of any other method of conferring the benefits of previous legislation short of a reënactment at length. This effectually closes the old and well-worn short-cut route, and we cannot, no matter how much inclined we might be to do so,......[hold otherwise than that all attempts of the character stated] are void because of the infraction of section 6, of article III." The proviso, now under consideration, attempted to travel that same "old and well-worn short-cut route," but, as there decided, it was closed by the constitutional provision.

Apparently recognizing that no right can be claimed under the offending proviso, the Commonwealth, in its second supplemental brief, strenuously contends that, even if the proviso were eliminated from the Act of 1923, defendants would still be liable for the sum claimed; but this is clearly a mistake. Without it, the only possibly relevant provision of the statute would be section 1 which enacts that the classes of corporations specified might at any time change to or from stock having a par value to stock having no par value, and that "where shares without nominal or par value shall be provided for, a stated capital shall be fixed,—the amount of which shall be set forth in such proceedings,—which stated capital shall be governed by, and be subject to, the provisions of the acts of assembly relating thereto now in force or which may hereafter be enacted." As the statute does not provide otherwise, the "stated capital"

would of course be the real capital of the corporation, and not a fictitious one ascertained by multiplying the total number of shares by $100. Those words are so defined in section 3 of the Act of 1919. Whatever their meaning in the Act of 1923, however, the utmost we could assume in favor of the Commonwealth, and this we do without deciding the point, would be that the clause quoted justified the Commonwealth in charging an additional bonus under the circumstances specified in prior statutes, that is, if additional capital had been received by the corporation. This is not enough, however, to sustain the present claim. It would have to appear also that some statute, relating to the bonus to be paid on increase of capital stock, provided for the arbitrary valuation of $100 per share. Here the contention wholly fails. So far as we have been advised, or by our own investigation have ascertained, no statute authorizes such arbitrary valuation, except the Act of 1919, and it is, in terms, limited "to the bonus required to be paid......under the provisions of this act," that is, the Act of 1919, and hence only applies to the formation, reorganization, merger or consolidation of the corporations specified in it. It says nothing regarding a bonus to be paid on the increase of capitalization by existing corporations which are not being reorganized, merged or consolidated. Possibly the legislature intended by the Act of 1923,—though this is very doubtful,—that, under the circumstances appearing in the instant case, a valuation should be made in the way claimed, and an additional bonus paid; but, if so, it has not expressed its will, even remotely, save possibly in the unconstitutional proviso to that statute.

In each case the judgment of the court below is affirmed.