# Commonwealth *v.* Budd Wheel Co., Appellant.

*Taxation—Corporations—Bonus—Constitutional law — Title of act—One subject—Amended by reference to title only—Act of July 12, 1919, P. L. 914.*

1. Neither the Constitution of the United States, nor the Acts of Congress passed in pursuance thereof, in any way regulate or qualify a state's power, when assessing the stock bonus to be paid by a domestic corporation.

2. Sections 9 and 11 of the Act of July 12, 1919, P. L. 914, do not offend against either article III, section 3, or article III, section 6, of the Constitution of the State.

3. Article III, section 3, must be given a reasonable meaning, which will not unnecessarily hamper legislation; the Constitution presupposes a reasonably inquiring state of mind, which will lead those interested in the subject specified in the main part of the title of the act, to examine the body of the statute to ascertain whether or not they are affected by any of its provisions. A title which does so, satisfies the constitutional requirement.

*Appeals—Questions not raised below.*

4. The Supreme Court will not consider objections which appellant did not present to the court below for its consideration.

*Courts—Opinions—Construction of opinions—Subject-matter—Act April 20, 1927, P. L. 000—Prospective statute.*

5. In determining the meaning of the language used in an opinion, controlling effect must be given to the subject-matter being considered when the language is used.

6. The Act of April 20, 1927, P. L. 000, which was passed to amend, revise, consolidate and change the laws relating to bonus, is prospective only.

Argued May 23, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 30 and 31, May T., 1927, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1926, Nos. 80 and 81, on appeal from tax settlement, in case of Commonwealth v. Budd Wheel Company. Affirmed.

Appeals from tax settlements.    Before Fox, J.

The opinion of the Supreme Court states the facts.

Judgments for Commonwealth.    Defendant appealed.

*Errors assigned* were judgments, quoting them.

*Henry S. Drinker, Jr.,* with him *Charles Denby, Jr.,* for appellant.—Section 11 of the Act of 1919 is unconstitutional as extending the provisions of the Bonus Act of 1899 to new subjects and amending such statute by mere reference to "existing law," and without reënacting its operating provisions.

As construed by this court, the Act of 1919 applies only to the issue of no par shares on formation, organization, merger or consolidation, and not to subsequent increases thereof.

The Act of 1919 is unconstitutional insofar as it seeks to impose bonus upon an increase of capital at an arbitrary value per share of no par stock, because no notice is given in the title, either that the act applies to increase of stock, or that the act makes a change in bonus policy.

The Act of 1919, insofar as it imposes a bonus upon no par shares at the arbitrary valuation of $100 each, is unconstitutional, because of the inadequacy of its title: Provident Life & Tr. Co. v. Hammond, 230 Pa. 407; Phœnixville Road, 109 Pa. 44; Union Pass. Ry. Co.'s App., 81* Pa. 91; Com. v. Bell, 88 Pa. Superior Ct. 216; Spector v. Ins. Co., 285 Pa. 464; Ridge Ave. Pass. Ry. v. Phila., 124 Pa. 219.

*Philip S. Moyer,* Deputy Attorney General, with him *Thomas J. Baldrige,* Attorney General, for appellee.— On the incorporation of Pennsylvania companies without authority to issue shares of stock with nominal or par value and likewise upon incorporation of companies with authority to issue shares of stock without nominal or par value, bonus is imposed without reference to the amount of capital or assets which such companies may then have or may thereafter acquire. This is likewise true in the case of an actual increase of capital stock.

That the capital or assets of a corporation and its capital stock authorized or outstanding are not one and the same thing, that bonus is imposed without any regard to the receipt of assets by the corporation, and that an authorized increase of capital stock, and an actual issue of the shares so authorized may be made and a liability for bonus upon such actual increase will arise without the receipt of any assets by the corporation as the result of such actual increase of authorized capital stock, is illustrated in the case of a stock dividend by a corporation having only par value shares: Com. v. Bank, 19 Dauphin Co. R. 446.

A bonus is not a tax: Alliance Coal Mining Co., 4 Dauphin Co. R. 220; Com. v. Transportation Co., 107 Pa. 112; Com. v. Provident L. & T. Co., 6 Dauphin Co. R. 109.

Act of July 12, 1919, P. L. 914, applies not only to the issue of shares of stock without nominal or par value on formation, organization, merger or consolidation, but also to subsequent increase thereof: Wayne v. Sewerage Co., 287 Pa. 42.

The provision of section 11 of the Act of July 12, 1919, P. L. 914, fixing the basis for computation of bonus on each share of stock without nominal or par value at the equivalent of a share having a nominal or par value of $100 does not violate article III, section 3, of the Pennsylvania Constitution: Campbell's Registration, 197 Pa. 581.

The Act of 1919, does not violate article III, section 6, of the Constitution: Com. v. Independent Trust Co., 233 Pa. 92, 98; Com. v. Wayne Sewerage Co., and Com. v. Castalia Portland Cement Co., 287 Pa. 42; Com. v. Alderman, 275 Pa. 483; Luzerne Co. Liquor Licenses, 2 Pa. D. & C. R. 281, 283; see also Searight's Est., 163 Pa. 210, 216-17; Emsworth Boro., 5 Pa. Superior Ct. 29, 33-5; Greenfield Ave., 191 Pa. 290, 296-7; Garrett v. Turner, 235 Pa. 383, 394; Leinbach's Est., 241 Pa. 32.

This point not having been considered below will not be considered on appeal: D., L. & W. R. R. v. Com., 66 Pa. 64; Smith v. Yellow Cab Co., 288 Pa. 85; Com. v. Canal Co., 50 Pa. 410; Wright v. Wood, 23 Pa. 120; Duvall v. Man, 6 W. & S. 343; Bennett v. Hayden, 145 Pa. 586; Com. v. Land Co., 156 Pa. 455.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

These two cases raise but one question, viz.: Did the court below err in valuing defendant's no-par capital stock at $100 per share, when determining the amount of bonus which should be paid on the various increases thereof? Defendant being a domestic corporation, this question is to be answered by considering only the statutes of the State; it is not affected by any provision of the Constitution of the United States, or the Acts of Congress passed in pursuance thereof: Roberts & Schaefer Co. v. Emmerson, 271 U. S. 50.

Section 1 of our Act of May 3, 1899, P. L. 189, provides "That all corporations hereafter created under any general or special law of this Commonwealth [with certain exceptions]......shall pay to the State treasurer, for the use of the Commonwealth, a bonus of one-third of one per centum upon the amount of the capital stock which said company is authorized to have, and a like bonus on any subsequent authorized increase thereof." By section 3 of the Act of February 9, 1901, P. L. 3, 5, the bonus is to be paid "upon the actual increase of the capital stock," but the pertinent provisions of section 1

of the Act of 1899, above quoted, are not otherwise altered. In the present case, the bonus has been calculated only "upon the actual increase of [defendant's] capital stock."

When these statutes were passed, no-par shares had not been authorized in Pennsylvania. This was first done by the Act of July 12, 1919, P. L. 914, section 11 of which [P. L. 916] provides that "For the purpose of computing the bonus required to be paid under the laws of this Commonwealth......each share of stock without any nominal or par value, under the provisions of this act, shall be the equivalent of a share having a nominal or par value of $100." It is clear that this refers to shares of stock, for so it says, and hence it is not necessary to consider the numerous statutes and decisions, industriously compiled by defendant's counsel, showing that the words "capital stock" may refer to corporate assets; such statutes and decisions are irrelevant here.

Assuming the Act of 1919 to be constitutional, as we will hereinafter show it is, the accuracy of the decision below seems hardly open to attack. Appellant urges, however, that we decided the other way in Com. v. Wayne Sewerage Co., 287 Pa. 42, 48, when we said that "So far as we have been advised, or by our own investigation have ascertained, no statute authorizes such arbitrary valuation [of $100 per share] except the Act of 1919, and it is, in terms, limited 'to the bonus required to be paid......under the provisions of this Act,' that is, the Act of 1919, and hence only applies to the formation, reorganization, merger or consolidation of the corporations specified in it. It says nothing regarding the bonus to be paid on the increase of capitalization by existing corporations which are not being reorganized, merged, or consolidated." Appellant's misunderstanding as to the meaning of the language quoted, arises out of its failure to keep in mind the subject-matter we were then considering. Many, if not most, deci-

sions could be misinterpreted if this necessary rule of construction was thus ignored. The Wayne Sewerage Company was incorporated before the Act of 1919 was passed. It was not reorganized, merged or consolidated with any other corporation. Under the authority contained in the Act of May 21, 1923, P. L. 288, it simply changed stock with a par value into shares with no-par value. Because thereof, the Commonwealth attempted to charge it with an additional bonus, but we held that the provision of that statute, which attempted to authorize the charge, was unconstitutional. We then said, as shown by the above quotation, that the Act of July 12, 1919, was the only one authorizing the arbitrary valuation of $100 per share on no-par stock, and added that it "only applies to the formation, reorganization, merger or consolidation of the corporations specified" in the statute, and "says nothing regarding the bonus to be paid on the increase of capitalization by existing corporations [i. e., those existing when the act was passed] which are not being reorganized, merged. or consolidated."

Appellant next contends that the Act of 1919 offends against article III, section 3, of our state Constitution, which provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." We do not agree with this contention. The title is as follows: "An act authorizing stock corporations, other than building and loan associations and corporations authorized by law to transact a banking or insurance business, to make provision, upon formation, reorganization, merger, or consolidation, for the issue of either or both preferred or common shares without nominal or par value; regulating the same and such corporations; and prescribing the method of determining the number of shares and capital of corporations issuing shares in such manner."

Few, if any of the provisions of the Constitution, are as often invoked as this one, and its scope and effect should now be fairly well settled. In Reeves v. Phila. Surburban Water Co., 287 Pa. 376, 387, after reviewing a number of the more recent decisions, we said: "The Constitution presupposes a reasonably inquiring state of mind, and such a state of mind would follow the trail indicated by the main part of the titles, into the body of the acts." The main part of the title in the Act of 1919, relates to authorizing certain corporations, upon formation, reorganization, merger or consolidation, to issue shares of stock without nominal or par value. The title then provides for regulating the same (that is such shares) and also such corporations, and prescribing the method of determining the capital of corporations issuing such shares. We said in Sugar Notch Boro., 192 Pa. 349, 353, where the statute then under consideration was entitled "An act regulating boroughs," that "Nothing more general and comprehensive on that subject could have been devised. It included the entire range of borough affairs so far as they were within legislative control." So here, the regulation of corporations issuing no-par shares, and the shares themselves, is clearly broad enough to cover the right to increase or reduce the number of such shares (section 9); and, even without the later part of the title, to determine their valuation for the purpose of assessing the bonus (section 11). No authority to the contrary has been cited to us. The decisions to the effect that where an act provides that the statutory policy of the State shall be so altered as to charge a new party, the fact of such an intention must be "clearly expressed in the title," relied on by appellant, have no bearing here. Only such stock corporations as are authorized to and do issue no-par shares, are to be charged by this statute, and they are specifically named in the title to the act. No earlier statute even referred to such corporations, for none.

such theretofore existed, hence no statutory change of policy is evidenced by the act.

Nor can appellant be heard to assert that the Act of 1919 violates article III, section 6, of the state Constitution. This objection was not made in the exceptions filed in the court below, and cannot be presented here for the first time: Delaware, Lackawanna & Western R. R. Co. v. Com., 66 Pa. 64; Smith v. Yellow Cab Co., 288 Pa. 85. Moreover, if the objection had been made in due course, it would have been unavailing. The constitutional provision is that "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length." Unlike the Act of May 21, 1923, P. L. 288, under review in Com. v. Wayne Sewerage Co., supra, there is in the Act of 1919, no reference to the title of any other statute. Nor do sections 9 or 11 of the act, with which alone we are now concerned, revive or amend the provisions of any other statute, or extend or confer the provisions thereof on anything or anybody. They simply say that corporations authorized to issue no-par shares, may increase their number, and that, when computing the bonus on no-par stock, each share shall be valued at $100.

The Act of April 20, 1927, which was passed to "amend, revise, consolidate and change the laws relating to bonus," is prospective only, and has no relevancy here.

The judgments of the court below are affirmed.