# Blanchard *v.* McDonnell et al., Jenkins Township Supervisors, Appellants.

*Constitutional law—Title of act—Amendment—Act of May 20, 1921, P. L. 959—Townships—Provisions for fire protection—Act of July 14, 1917, P. L. 840.*

1. In considering the sufficiency of the title to a supplementary act in which is quoted the title of the original act, the title of the original act must be treated as part of the title to the supplementary one, and, if the provisions of the amendment are germane to the subject of the original, it must be upheld.

2. The Act of May 20, 1921, P. L. 959, entitled "An Act to amend section 421 of the Act approved July 14, 1917, P. L. 840, entitled 'An Act concerning townships; and revising, amending, and consolidating the law relating thereto,'" does not violate article 3, section 3, of the Constitution relating to titles of acts, and sufficiently indicates in its title a provision for the purchase of fire apparatus for township fire companies.

3. The words "An Act concerning townships" in the title of the Act of July 14, 1917, P. L. 840, covers the whole field of township affairs, including the subject of fire protection mentioned in the act, and the fact that in the title are the added words "and reversing, amending, and consolidating the laws relating thereto," does not in any way diminish the scope of the words preceding them.

4. As the subject of fire protection is covered by the title of the Act of 1917, and as the title of the Act of 1917 is quoted in the title of the Act of 1921, a subject germane to fire protection is sufficiently indicated in the title of the Act of 1921.

Argued April 12, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHÁFFER, JJ.

Appeal, No. 188, Jan. T., 1926, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1925, No. 3, award-

ing injunction, in case of G. P. Blanchard v. Michael I. McDonnell, William F. Burke and Matthew Douger, Supervisors of Jenkins Twp. Reversed.

Bill for injunction. Before FULLER, P. J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting record.

*W. L. Pace,* for appellants.—The Act of 1921 is constitutional: Sugar Notch Boro., 192 Pa. 349; Goebeler v. Wilhelm, 17 Pa. Superior Ct. 432; Com. v. Benn, 284 Pa. 421; Fluke v. Lang, 283 Pa. 54; Com. v. Sweeney, 281 Pa. 550; Gilbert's Est., 227 Pa. 648; Yoho v. Allegheny, 218 Pa. 401; Com. v. Snyder, 279 Pa. 234; Central D. & P. T. Co. v. Boro., 242 Pa. 7; Minsinger v. Rau, 236 Pa. 327; Com. v. Cooper, 277 Pa. 554; Kelley v. Twp., 154 Pa. 440; Bennett v. Hunt, 148 Pa. 257; Franklin v. Hancock, 204 Pa. 113.

*John D. Farnham,* for appellee, cited: York City School Dist. v. School Dist., 8 Pa. Dist. R. 97; Dailey v. Potter Co., 203 Pa. 593; Roush v. Northumberland Co., 63 Pa. Superior Ct. 314; Com. v. Boro., 272 Pa. 189; Com. v. Bank, 3 W. & S. 173; Com. v. Patton, 88 Pa. 258; Ruan Street, 132 Pa. 257.

OPINION BY MR. JUSTICE SCHAFFER, May 10, 1926:

The question involved in this proceeding is the constitutionality of the Act of May 20, 1921, P. L. 959, amending the General Township Act of July 14, 1917, P. L. 840. The title of the Act of 1917 is "An act concerning townships; and revising, amending, and consolidating the law relating thereto." The title of the amending act is "An act to amend section four hundred and twenty-one of the act, approved the fourteenth day of July, one thousand nine hundred and seventeen, (Pamphlet Laws,

eight hundred forty) entitled 'An act concerning townships; and revising, amending and consolidating the law relating thereto.' "

The court below determined the amending act to be invalid on the ground that it infringed the final clause of Article III, section 3, of the Constitution, providing that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." We are not at one with the court below in its conclusion that the statute violates the constitutional enactment; our judgment is that it accords with the fundamental law.

The controversy arises out of a taxpayers' bill for an injunction to restrain the supervisors of a second class township from making contracts and levying a tax for the purchase of fire apparatus and the construction of a building to house it. The court enjoined the levying of the tax and the making of the contracts.

The amendment provides that the board of supervisors may levy "A tax for the purpose of purchasing and maintaining fire apparatus and to provide a suitable place for housing of the same; but no appropriation to any one or more fire companies from such taxes shall, for the first appropriation, exceed five thousand dollars for the purchase of equipment, nor shall any appropriation in any year for the purpose of maintenance of any one or more fire companies exceed one thousand dollars." The original Act of July 14, 1917, contained a provision (P. L. page 881) giving townships of the second class the power "On the petition of the owners of a majority of the lineal feet frontage along any highway or portion thereof in any village within the township, to enter into contract with water companies for the placing of fire-hydrants along said highway, for the protection of property from fire," and stipulated that "The supervisors shall levy, for the maintenance of such fire-hydrants and for the purchase of hose, et cetera, an annual tax upon the property abutting upon said highway in the district

benefited thereby, based upon the assessment for county purposes." This was a reënactment of a similar power given to townships of the second class in the Act of May 25, 1907, P. L. 231, which was specifically repealed by the Act of 1917.

It is the contention of counsel for appellee, as it was the conclusion of the court below, that the township code of 1917, by its title expressed no intention of introducing any new subject of legislation concerning townships, that if the provisions of the amendment of 1921 had been incorporated in the Act of 1917, they would have been outside the scope of the title and hence unconstitutional, as the amendment introduced an entirely new subject, of which the title contains no notice. In support of the argument that the amendment introduced an entirely new subject, it is pointed out (1) that the amendment permitted a tax for "purchasing and maintaining fire apparatus and to provide a suitable place for the housing of the same," and (2) that the tax for that purpose should be imposed upon "all property and upon all occupations, within the townships, made taxable for township purposes," whereas under the earlier acts the tax to maintain fire-hydrants and purchase fire hose could be levied only on abutting property benefited thereby. We think counsel and the court below are mistaken in the view that the amendment introduced a new subject in township legislation. The prior law, that passed in 1907, had dealt with the subject of fire protection in townships of the second class and the only thing that the amendment does is to provide for new means of fire protection, so that even if we should come to the conclusion, which we do not, that the title to the township code is so limited that no further subjects for municipal legislation may be introduced into it by enactment, we are here concerned with one, fire protection, which has been recognized as proper for legislation and theretofore dealt with.

In considering the sufficiency of the title to a supplementary act in which is quoted the title of the original act, the title of the original act must be treated as a part of the title to the supplementary one and if the provisions of the amendment are germane to the subject of the original, it must be upheld: Comth. ex rel. v. Dale Borough, 272 Pa. 189. The court below agreed that the provisions of the amendment of 1921 were germane to the subject of the original Act of 1917, but said the title was fatally defective on other grounds. "The title of the orginal Act of 1917 gives no suggestion of new legislation in reference to townships, and the title to the amending act fails to express its purpose in this regard, and, while its provisions are germane to the subject of the original act, it is not within the limited scope thereof, viz.: to amend, revise and consolidate existing laws concerning townships." We conclude that it is a wrong view to take of the title of the 1917 act that "it gives no suggestion of new legislation in reference to townships." The title reads: "An act concerning townships, *and* revising, amending, and consolidating the law relating thereto." The learned court below appears to have overlooked the first part of the title which is most comprehensive or at least to have given to the second part, although connected with the first part by the conjunction "and," the effect of restricting the force and limiting the scope of that which preceded it. The main part of the title, to our minds, is expressed in the phrase "An act concerning townships." The court's conclusion that the title would lead one to believe that the purpose was simply to codify the existing laws cannot be sustained, for, manifestly the title was as broad as the subject dealt with, the townships of the commonwealth. It is certainly broad enough to embrace the provision giving the board of township supervisors the power to levy a tax for the purpose of fire protection just as they could impose taxes for other specified purposes. Speaking of an act

the title of which was "An act regulating boroughs" we said: "Nothing more general and comprehensive on that subject could have been devised. It included the entire range of borough affairs so far as they were within legislative control": Sugar Notch Borough, 192 Pa. 349, 353. In that case, it was also determined that an act entitled "A supplement to an act for the regulation of boroughs" so far as its title was concerned was as broad as the original act. The determination there arrived at is controlling here, both as to the original act and the amendment. The original statute "An act concerning townships" covers the whole field and the fact that in the title are the added words "and revising, amending, and consolidating the law relating thereto" does not in any way diminish the scope of the words preceding them. As was said by Mr. Justice WALLING in Jefferson Co. v. Rose Township, 283 Pa. 126, 132, speaking of the original statute which we are now considering, "The Act of July 14, 1917, P. L. 840, 'Concerning townships, and revising, amending, and consolidating the law relating thereto' covers the entire field." The courts are obliged to resolve every doubt in favor of the validity of legislation (Com. ex rel. v. Benn, 284 Pa. 421), but we think there is no doubt as to the validity of this legislation.

The decree of the court below is reversed and the plaintiff's bill is dismissed at his cost.