# Sloan *v.* Longcope, Appellant.

*Landlord and tenant—Lease—Renewal clause—Option to renew —Rider.*

1. Where a lease for a term of ten years contains a clause providing that if the lessee shall hold over "after the expiration of the term hereby created, with the consent of the lessor," "it shall be deemed a renewal of the lease" for the term of five years, and a rider attached to the lease provides that "the lessee shall have the option of remaining in possession of said premises for a further period of five years after the expiration of the lease," such option takes effect at the expiration of the term of ten years, and not at

the expiration of a subsequent term of five years during which the lessee held over under the renewal clause in the lease.

2. The purpose of the rider was to give the lessee an additional term of five years at his option, and not at the lessor's grace as provided in the hold-over clause in the lease itself.

3. The presence of the renewal clause in the lease did not prevent the "expiration of this lease," and it was upon the happening of that event, not upon the "termination of this lease," that the option to remain in possession was given.

4. The holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege.

*Judgment—Uniform declaratory judgment—Act of June 18, 1923, P. L. 840—Issuance of execution—Constitutional law—Title of act.*

5. Where a judgment has been obtained in a declaratory judgment proceeding, execution on such judgment may issue where appropriate and when allowed by the court.

6. The Act of June 18, 1923, P. L. 840, entitled "An act concerning declaratory judgments and decrees, and to make uniform the law relating thereto," is constitutional, and sufficiently shows in its title that execution may issue as an incident of a judgment obtained in proceedings under the act.

7. Things that are merely incidental to the real subject of an act need not be recited in its title.

Argued December 2, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 279 and 298, from judgment and order of C. P. No. 1, Phila. Co., June T., 1926, No. 4626, for plaintiff, in proceedings under the Uniform Declaratory Judgment Act, in case of William B. Sloan v. Charles H. Longcope. Affirmed.

Petition for declaratory judgment. Before TAULANE, J. Petition for writ of hab. fa. possess. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff. Defendant appealed.

*Errors assigned* were, in No. 279, judgment, quoting record, and in No. 295, allowance of writ of habere facias possessionem, quoting record.

*Paul Reilly,* for appellant.—The lessee occupied the premises under the 5th or hold-over clause, and not under the option clause, even though both clauses provide for similar periods.

No case reported construes an original grant, a hold-over provision in conjunction with an optional clause. Some of the cases may aid in the determination, but none exactly meet it: Cannon v. Keystone Co., 73 Pa. Superior Ct. 53; Stetler v. Traction Co., 258 Pa. 299; Kaufman v. Liggett, 209 Pa. 87; Harding v. Seeley, 148 Pa. 20.

The court below erred in making absolute the rule for a writ of habere facias possessionem, upon the declaratory decree obtained, because the Uniform Declaratory Judgment Act provides only for declaratory relief and not for relief by way of execution, and because any other construction of section 8 of the act would render the act unconstitutional as a violation of article III, section 3, of the Constitution of Pennsylvania: Kariher's Petition, 284 Pa. 455; Duff's Est., 4 Pa. D. & C. 315.

*Jay W. Sechler,* for appellee.—A continuing in possession by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his option: Harding v. Seeley, 148 Pa. 20; Rohbock v. Mc-Cargo, 6 Pa. Superior Ct. 134; Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452; McBrier v. Marshall, 126 Pa. 390; Adams v. Dunn, 64 Pa. Superior Ct. 303.

Execution was proper: Kariher's Petition, 284 Pa. 455; Geiselman v. Shomo, 13 Pa. Superior Ct. 1.

*Bell, Trinkle, Truscott & Bell,* for J. B. Cornell, interested in the question involved, filed a brief, citing these additional cases among others cited above: Murtland v.

English, 214 Pa. 325, and Canonico v. Lucente, 40 Pa. Superior Ct. 75.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1927:

This is a proceeding under the Declaratory Judgments Act of June 18, 1923, P. L. 840, to determine the rights of the respective parties to a lease.

Appellee demised to appellant certain premises in Philadelphia for the term of ten years from the first day of July, 1911. In the lease there are two provisions for the continuance of the tenancy. The language of the fifth paragraph is: "If the lessee shall hold over, after the expiration of the term hereby created, with the consent of the lessor, it shall be deemed a renewal of this lease, and of all the conditions and covenants therein contained for the term of five years and so on from year to year until the lease is terminated by either party giving to the other not less than 90 days' notice for removal prior to the end of any term." The other provision, contained in a rider, reads: "It is further agreed between the parties hereto that the lessee shall have the option of remaining in possession of said premises for a further period of five years after the expiration of this lease, under the same terms and conditions thereof, at the same rental, viz: nine hundred dollars per annum to be paid in monthly installments of seventy-five dollars in advance."

Without anything being done by either party the lessee continued in possession of the property at the end of the ten-year period and in due time prior to the expiration of the succeeding five years, the lessor gave to the lessee a ninety days' notice for possession on June 30, 1926. The lessee refused to surrender possession at the time called for in the notice, claiming that under the second quoted paragraph of the lease he had the option of a further term of five years. The court below determined otherwise and we acquiesce in its decision.

The argument of the appellant may be epitomized as follows: When he remained in possession after the expiration of the ten-year term, it was by virtue of the fifth clause, the consent of the lessor being presumed from his silence. When the notice to quit was given, so the argument continues, the lessee's rights terminated under the fifth clause and then, for the first time, his rights under the rider provision came into existence, so that he then had the option to remain for a further period of five years. In other words, appellant argues in effect that when the lease gave him the option of remaining in possession of the premises for a further period of five years *"after the expiration of this lease"* it meant five years after the expiration of "this lease and any renewals thereof." The rider or option provision could not become effective, it is said, until there was a termination of the lease or of a renewal thereof as provided in the fifth clause, that is by giving notice.

The contention against this position is that the fifth clause had no application until "the expiration of the term hereby created" and that the term "hereby created" was the original ten-year period plus the optional period of five years or a total of fifteen years. This is the view taken by the court below, the opinion citing Harding v. Seeley, 148 Pa. 20, and Lipper v. Bouve, Crawford & Co. 6 Pa. Superior Ct. 452, which, despite the different wording of the leases involved, lend some color to such a conclusion.

It seems to us, however, that the sole question to be decided here is as to the meaning of the rider provision and particularly when rights under it could be exercised. As heretofore pointed out, the option was given of remaining in possession for a further period of five years "after the expiration of this lease." It is clear to us that these words mean the expiration of the ten-year period. In Pettit v. Tourison, 283 Pa. 529, we held that an option to purchase given "during the term of this lease" could be exercised only during the original term and not dur-

ing any renewal thereof.   The fifth clause is a "renewal clause" and in the cited case we pointed out that "To renew a lease means a leasing again of the premises (Aaron v. Woodcock, 283 Pa. 33), or in other words it implies that another lease is to be executed."   The presence of a renewal clause does not prevent the "expiration of this lease" and it is upon the happenings of that event, not upon the "termination of this lease" that the option to remain in possession is given.

We conclude, therefore, that the option clause operated from July 1, 1921, and that the remaining in possession after that time was under that clause.   There is no merit in appellant's argument that the lessor's express dissent was required in order to prevent the "holdover [fifth] clause from going into effect" at the end of the ten-year period.   As was tersely said by Judge TAULANE, speaking for the court below: "The purpose of the rider was to give the lessee an additional term of five years at his option, and not at the lessor's grace as provided in the hold-over clause."   Also without foundation is the statement that the option could be exercised only by giving notice.   It has often been said that the holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege: Harding v. Seeley, 148 Pa. 20; McBrier v. Marshall, 126 Pa. 390; Rohbock v. McCargo, 6 Pa. Superior Ct. 134; Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452; Cannon v. Keystone Co., 73 Pa. Superior Ct. 53.

The court below entered a declaratory judgment in which it was decreed that the lessee's term as tenant of the property expired on June 30, 1926, and that it was his duty to vacate and deliver possession of the premises to the plaintiff.   Thereafter he issued a writ of habere facias possessionem in pursuance of a rule granted on the defendant to show cause why execution should not be issued.   It is the contention of appellant that the Declaratory Judgments Act provides only for

declaratory relief and not for relief by way of execution and that if the act does provide for execution, it is invalid, because in violation of article III, section 3, of the Constitution, as the title to the act gives no notice of the provision therein relative to execution. This position is not well taken. The act is entitled "An Act concerning declaratory judgments and decrees and to make uniform the law relating thereto." One of the incidents of a judgment is execution. Things that are merely incidental to the real subject of an act need not be recited in its title: Reeves v. Phila. Suburban Water Co., 287 Pa. 376. When it is said in the Constitution that "no bill shall be passed containing more than one subject which shall be clearly expressed in its title" the subject referred to means the real subject: Reeves v. Phila. Suburban Water Co., 287 Pa. 376; Com. v. Snyder, 279 Pa. 234, 242, and appertaining incidents are covered by a reference thereto. "All necessary or appropriate details to carry out the purpose of the statute there found will be treated as within the title": Com. v. Snyder, Ibid.

The act (section 8) provides for supplemental relief: "Supplemental relief. Further relief, based on a declaratory judgment or decree, may be granted whenever necessary or proper. The application therefor shall be by a petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith." We passed on the constitutionality of the act in Kariher's Petition, 284 Pa. 455, and there said, on its execution feature, speaking through the present Chief Justice, page 463; "The present declaratory judgment practice involves an award as to costs (see section 10 of the act); moreover, under the act before us (section 8), execution, or 'further relief,' based on a declaratory judgment, may be had where appropriate, and allowed by the court." We con-

clude that the provisions of the act as to execution are constitutional and that plaintiff was entitled on a proper showing to have the writ issued which would gain him possession of his property to which the court by entering the declaratory judgment has declared him entitled.

All of the assignments of error are overruled and the judgment and order of the court below are affirmed.