Commonwealth ex rel. *v.* Macelwee et al.,
Appellants.

Argued November 27, 1928.   Before MOSCHZISKER,
C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*J. A. Welsh* and *W. H. Unger*, with them *John Kopy-scianski, F. B. Moser, Francis F. Reamer* and *Marlin S. Unger*, for appellants.—The repeal of statutes by implication is not favored: Com. v. Ruggles, 280 Pa. 568, 570; Somerset & Stoystown Road, 74 Pa. 61; Com. v. Boro., 272 Pa. 189; Com. v. Reese, 293 Pa. 398; Provident L. & T. Co. v. Klemmer, 257 Pa. 91; Bell v. Allegheny Co., 149 Pa. 381; Brower v. Phila., 3 Pa. D. & C. 284.

Neither the Act of May 28, 1907, P. L. 273, nor the Act of July 14, 1917, P. L. 840, nor any other statute, amended or repealed any part of the Act of April 15, 1863, P. L. 492, creating the poor district known as the Directors of the Poor of Coal Township.

*Charles C. Lark,* for appellee, cited: Com. v. School Dist., 256 Pa. 50; Dane v. Poor Directors, 19 Pa. Dist. R. 983; Murphy v. Co. Com'rs., 20 Pa. Dist. R. 863; Jefferson Co. v. Twp., 283 Pa. 126; Com. v. Macferron, 152 Pa. 244; Buckwalter v. Co., 12 Pa. Superior Ct. 272; Com. v. Wunch, 167 Pa. 186.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1929:

The Directors of the Poor of Coal Township, Northumberland County, appeal from a judgment awarding a peremptory mandamus requiring them to turn over to the township treasurer the poor tax duplicate for 1928, for that portion of the poor district within the township, together with their warrant for the collection of the tax. Nearly all the disputed matters raised by the pleadings have been decided by us in opinions filed here-

with in Com. ex rel. v. Snyder and Com. ex rel. v. Kline et al. See the second and third preceeding cases. Hence, we will consider herein only the other points urged by appellants.

They first allege that section 274 of the General Township Act of July 14, 1917, P. L. 840, 869, is unconstitutional, as respects poor districts, because there is nothing in the title of the statute showing the clear expression of a purpose to affect them. The title to the act is: "An act concerning townships; and revising, amending and consolidating the law relating thereto." Section 274 provides that "The township treasurer in townships of the first class [which Coal Township was and is], by virtue of his office as treasurer, shall......collect all State, county, township, school, *poor,* and other taxes, within such township of the first class, levied by authorities empowered to levy taxes." Admittedly, this section is within the purview of the title, so far as the township and its treasurer are concerned, for there is sufficient in it to put them upon notice (Sugar Notch Boro., 192 Pa. 349, 353; Com. v. Budd Wheel Co., 290 Pa. 380, 386); but appellants contend that from the title no one would expect to find in the act a provision affecting poor districts. We reached the opposite conclusion in Blanchard v. McDonnell, 286 Pa. 283, and might well rest our judgment on that opinion. Inasmuch, however, as the effect upon poor districts was not then being directly considered, we will review the matter from that standpoint.

"An act concerning townships," is notice to all persons located therein and to every subordinate municipal division of the State located wholly or partially within them, that there may be, in the body of the act, something which affects his or its interests, and ordinarily this satisfies the constitutional requirements as to the title: Reeves v. Phila. Suburban Water Co., 287 Pa. 376, 387; Com. v. Budd Wheel Co., supra. Perhaps this would not be so as regards a municipality, if, by the act,

a liability were newly imposed on it. (In re Road in the Boro. of Phœnixville, 109 Pa. 44) ; but section 274 creates no new liability—indeed, creates none at all. At the time the General Township Act was passed, poor taxes were collected by the township treasurers, under the authority of the Act of May 28, 1907, P. L. 273. No arguable objection can be made to its title, which is "An act abolishing the office of township tax collector, in townships of the first class, and providing that in such townships *all* taxes shall be collected by the township treasurer, including State and county taxes." Moreover, the collection of "all State, county, township, school, poor, and other taxes" by one person, does not create a liability, but manifestly tends to reduce the expense of each taxing authority. We are clear, therefore, that the title of the General Township Act is sufficient to carry the provisions of section 274, without offending article III, section 3, of the state Constitution.

It is next urged that because section 2 of the General Township Act (pages 841-2) says "this act does not include any provisions, and shall not be construed to repeal any acts relating to......poor districts," the statute cannot be properly construed to authorize the township treasurer to collect the poor taxes payable to a poor district by residents of the township. If this section has any relation to the point under consideration, which we do not think it has, it would only show that sections 2 and 274 are inconsistent, and hence, as pointed out in Com. ex rel. v. Kline et al., supra, the specific provision for poor tax collections by the township treasurer, in townships of the first class, as provided by section 274, would be controlling as against the general provisions of section 2.

Appellants' final contention is that the General Township Act does not apply to this poor district, because the Borough of Shamokin is included in the poor district and not in the township. This assertion has no argument to support it. It is for the legislature and not for

the courts to say whether one or more persons shall collect the poor taxes within a poor district which is not coextensive with a township; and, in the statutes relating to townships and poor district, it has not made any differentiation in this respect. In the General Township Act it has said, in the clearest language, that poor taxes due by residents of a township of the first class shall be collected by the township treasurer, and we must construe the words to mean just what they say. The State and county taxes are not collected by one person, but by different individuals in every borough, township and city throughout the Commonwealth; and, so far as we are advised, no difficulty has arisen because thereof. If now or hereafter it does arise in any of them, or in this poor district, it will be for the legislature to provide a remedy. That body has acted on the point, so far as it deemed wise, by the General Borough Act of May 4, 1927, P. L. 519, when in section 1080 (page 564), it provided that borough tax collectors shall collect all poor taxes due by residents of boroughs. As counsel did not aver this statute was applicable in the present case, we assume that, because of section 103 (page 523), Shamokin Borough is not within the class to which the act applies. Be this as it may, however, it is certain that the legislature has thereby distinctly disavowed the present contention of appellants.

The judgment of the court below is affirmed.