Commonwealth ex rel. White, Appellant, *v.* Miller.

Argued September 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John Robert Jones,* with him *Ralph M. Bashore,* for appellant.

*Walter G. Treibly,* with him *R. A. Freiler* and *C. W. Staudenmeier,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 27, 1933:

In this contest over the filling of a vacancy in the board of directors of the poor for the County of Schuylkill, judgment for respondent was entered upon writ of quo warranto, answer, and replication raising questions of law.

Under the Special Act of June 12, 1907, P. L. 529, Frank A. Reese was elected a director of the poor of Schuylkill County for a term of four years commencing January, 1932 (Com. ex rel. v. Reese et al., 293 Pa. 398). He died in office, April 11, 1933. On April 13, 1933, the county commissioners, acting under the provisions of section 11 of the Act of April 4, 1831, P. L. 422, appointed relator Edward P. White to fill the vacancy caused by the death of Reese; White thereupon entered upon the duties of the office. On April 20, 1933, the court of common pleas appointed respondent Charles F. Miller to fill the vacancy for the unexpired term of Reese, this appointment being made under section 1 of the Act of June 12, 1907, P. L. 529. Both acts above referred to are special legislation and apply only to Schuylkill

County. White contends the Act of 1907 (under which Miller was appointed) is unconstitutional, and that he (White) is the lawful appointee to the vacancy under section 11 of the Act of 1831, supra.

The court below held the Act of 1907 is constitutional, and that it repealed the inconsistent provisions of the Act of 1831, consequently the county commissioners were without power to appoint relator a director of the poor and the power of appointment to the vacancy rested in the court of common pleas. Judgment, accordingly, was entered for defendant.

The Act of 1907 reads:

"An Act to provide for the election of three Directors of the Poor, for the county of Schuylkill, at the general election of one thousand nine hundred and eight, and every third year thereafter; and fixing the salary of the three said directors, to be paid out of the treasury of the county of Schuylkill; and providing for the continuance of the service of the directors now serving.

"Section 1. Be it enacted, &c., That at the general election of one thousand nine hundred and eight, and every third year thereafter, three directors of the poor shall be elected in the county of Schuylkill; and, in the election of said directors, each qualified elector shall vote for no more than two persons, and the three persons having the highest number of votes shall be elected. Any vacancy occurring in the office of director of the poor shall be filled by the court of common pleas of the County of Schuylkill, by the appointment of an elector of the said county who shall have voted for the director of the poor whose place is to be filled."

Section 2 provides for salaries and expenses of the directors; section 3 relates to directors then in office; and section 4 repeals all acts or parts of acts inconsistent therewith.

The Act of 1831 is entitled "An Act to provide for the erection of a house for the employment and support of the poor, in the county of Schuylkill"; and section 11

provides "That in case of any vacancy by death, resignation or otherwise, of any of the said directors, the commissioners of the county aforesaid shall fill such vacancy, by the appointment of a citizen of their county, under the same penalty as is provided by the third section of this act, to serve until the next general election, when another director shall be elected to serve as if no such vacancy had happened."

Appellant contends the Act of 1907 contravenes section 3 of article III of the Constitution of Pennsylvania which provides that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." He argues that the act in question, in addition to providing for the election of directors of the poor, mentioned in the title, contains also the subject of filling vacancies in the office, together with the qualifications of an appointee to fill a vacancy, and the repeal of section 11 of the Act of 1831. Appellant asserts the title of the Act of 1907 is an index to its contents, and is misleading in that it does not express or embrace all of the subjects of the legislation embodied in the act.

As the court below states, "the general principles which must guide us are well settled. All presumptions are in favor of the constitutionality of the act......
Com. ex rel. v. Snyder, 279 Pa. 234, 239. If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the same, it is all that is necessary: Graeff v. Schlottman et al., 287 Pa. 342 [345]......Reeves et al. v. Phila. Suburban W. Co., 287 Pa. 376, 387"; Com. v. Great American Indemnity Co., 312 Pa. 183, 194-5.

The enumeration in the title of other incidental provisions while omitting those relating to the filling of vacancies and the repeal of inconsistent legislation is not vital. "Where a general title, sufficient to cover all the provisions of an act, is followed by specifications of the particular branches of the subject with which it pro-

poses to deal, the scope of the act is not limited nor the validity of the title impaired except as to such portions of the general subject as legislators and others would naturally and reasonably be led by the qualifying words to suppose would not be affected by the act. This is the rule established by all our cases. It is an application of the maxim expressio unius exclusio alterius. The express enumeration of the specific subjects must be affirmatively misleading as to the intent to exclude others, or the title will not be made invalid by it": Sugar Notch Boro., 192 Pa. 349, 353. Quoting these words, the court below states that, "Tested by these principles, the title to the Act of 1907 is not affirmatively misleading because there is nothing in it to indicate that the subject of filling vacancies is excluded...... This is incidental to the general subject and it is not necessary to recite it in the title: Sloan v. Longcope [288 Pa. 196], page 202."

The "real subject" (Reeves et al. v. Phila. Suburban W. Co., supra, 386) of the Act of 1907 is the election of the board of poor directors. The filling of vacancies (Reber's Petition, 235 Pa. 622, 625-8, 633) occurring on the board and the repeal of previous inconsistent legislation (Com. v. Moir, 199 Pa. 534, 551) concerning such vacancies are incidental provisions, germane to the one general subject of the legislation, for which one of a reasonably inquiring mind would examine the act; they are not "separate and independent subjects of legislation, but branches of the same general subject": Booth & Flinn, Ltd., v. Miller, 237 Pa. 297, 302; Bridgeford v. Groh et ux., 305 Pa. 554, 557.

In addition to the above reasons for upholding the constitutionality of the act in question, the opinion of the court below points out that the obvious purpose of the act was to secure minority representation on the board of directors of the poor, that the act had been in force for twenty-five years, and "It would require cogent reasons [which are absent] to overthrow a vital section of the act

at this late date upon the grounds of unconstitution-
ality." Furthermore, the opinion calls attention to the
inconsistency of relator's position, for, though contend-
ing the Act of 1907 is unconstitutional, he was appointed
for the term and under the conditions named in that act
rather than according to the Act of 1831.

We concur in the judgment of the court below, holding
constitutional the Act of June 12, 1907, P. L. 529, and
declaring section 11 of the Act of April 4, 1831, P. L.
422, repealed. Consequently the appointment of relator
by the county commissioners as a director of the poor
was a nullity. Respondent was properly appointed by
the court of common pleas to fill the existing vacancy
and is lawfully a director of the poor of Schuylkill
County for the unexpired term of Frank A. Reese, de-
ceased.

Judgment affirmed at relator's cost.