Jones, Appellant, v. County of Northumberland.

Argued October 28, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Carl Rice,* of *Witmer & Rice,* for appellant.

*H. F. Bonno,* for appellee.

OPINION BY RHODES, J., December 11, 1935:

This is an appeal by Ralph E. Jones, city treasurer of the city of Sunbury and collector of state and county taxes for the county of Northumberland, from a judgment on a case stated in favor of the county of Northumberland. It presents for our consideration the question whether a duly elected and qualified treasurer of a city of the third class, who has been appointed by the county commissioners to collect state and county taxes in said city, is entitled to receive commissions from the county, under the Act of May 29, 1931, P. L. 280 (72 PS § 5971a et seq.), on county taxes which he returned, and which are later collected by the county

treasurer and paid to the county under the provisions of the said act.

The agreed facts, upon which judgment of the court below was rendered, may be summarized as follows:

(1) The plaintiff is a resident of the city of Sunbury, Northumberland county. He was elected city treasurer of the city of Sunbury, on November 5, 1929, and qualified by taking the required oath of office and filing the required bond, for a four-year term beginning on the first Monday of January, 1930, and ending on the first Monday of January, 1934. He served in that capacity during the term for which he was elected.

(2) While acting in the capacity of city treasurer, the plaintiff was appointed by the county commissioners of Northumberland county as collector of state and county taxes in the city of Sunbury. Each of the years for which he was appointed, he filed the necessary bond required by the board of county commissioners, and received the tax duplicates for the collection of county taxes within the city of Sunbury, for the years 1930, 1931, 1932, and 1933.

(3) On the first Monday of May, 1932, he made a return to the county commissioners of Northumberland county of all unpaid taxes on real estate assessed and levied for the year 1931, for county purposes, by the county commissioners. The said returns were properly filed in the county commissioners' office, on May 2, 1932, and certified to the county treasurer of Northumberland county.

(4) He made similar returns for the year 1932.

(5) The treasurer of Northumberland county collected a total of $2,839.33 of county taxes returned by the plaintiff, as collector of state and county taxes, for the years 1931 and 1932. The taxes so collected by the county treasurer were paid by him to the county of Northumberland, and proper credit given to the plaintiff upon his tax duplicates. All of said returns, collec-

tions, and payments of taxes were under the provisions of the Act of May 29, 1931, P. L. 280 (72 PS § 5971a et seq.).

(6) The plaintiff was paid by the commissioners of Northumberland county upon a commission basis, for his services, and not upon a salary basis.

(7) The amount of unpaid commissions, which the plaintiff claims, is $56.79, being 2 per cent. on the amount of taxes returned by him, collected by the county treasurer, and paid to the county of Northumberland.

The question submitted for determination by the court below was whether the plaintiff became entitled to the 2 per cent. commission provided by section 6 of the Act of May 29, 1931, P. L. 280 (72 PS § 5971f), upon payment of the returned taxes, and payment thereof by the county treasurer to the county of Northumberland, and, if so entitled, judgment then to be entered in favor of the plaintiff in the amount of $56.79, and, if not, then judgment to be entered in favor of the defendant, the county of Northumberland.

The court entered judgment in favor of the county of Northumberland. The plaintiff has appealed.

The court below based its conclusion, that the plaintiff was not entitled to the commissions for which suit was brought, on the ground that they constitute an increase in the emoluments of his office, as city treasurer, during his current term, which is prohibited by article 3, section 13, of the Constitution of Pennsylvania. With this conclusion of the court below, we are unable to agree.

The appellant, as treasurer of the city of Sunbury, a city of the third class, is, by virtue of his office, the collector of city, school, and poor taxes in that city. Act of June 20, 1901, P. L. 578, § 1, as amended by the Act of May 29, 1917, P. L. 315, § 1 (53 PS § 11,611). The city treasurer of the city of Sunbury is not, by virtue of his office, the collector of state and county taxes

in that city. The power to appoint a collector of state and county taxes in the city of Sunbury, which is a city of the third class, is vested in the county commissioners of the county of Northumberland, which is a county of the fifth class. Act of April 10, 1899, P. L. 34, No. 31, § 1 (53 PS § 11,591), and Act of March 26, 1925, P. L. 69, § 1 (72 PS § 3382 et seq.).

The validity and propriety of the appointment of the appellant, by the county commissioners of Northumberland county, as collector of state and county taxes in the city of Sunbury, for the years in question, were not questioned, nor were his qualifications to hold the office for which he was appointed.

The taxes in question were returned by the appellant, certified by the county commissioners, collected by the county treasurer, and paid to the county of Northumberland, under the Act of May 29, 1931, P. L. 280 (72 PS § 5971a et seq.). Section 6 of said act (72 PS § 5971f), provides as follows:

"After such return of taxes shall have been made in accordance with the provisions hereof, responsibility of the tax collector or receiver of taxes for the collection of the taxes so returned shall cease. On making such return, the tax collector or receiver of taxes shall be entitled to exoneration from the taxes so returned on the settlement of his accounts. On any unpaid taxes returned to the county commissioners, the tax collector or receiver of taxes shall be entitled to receive a commission of two per centum (2%) from the taxing district for which such tax is returned when the tax is paid by the county treasurer to the proper taxing district; provided, that, where the tax collector is paid on a salary basis, he shall not be entitled to receive this commission of two per centum (2%)."

The Act of May 9, 1929, P. L. 1684 (72 PS § 5951 et seq.), provided for the return and collection of unpaid taxes on seated lands. There was no provision in

this act for the payment of commissions to the various tax collectors on returned, unpaid, and delinquent taxes on seated lands, when collected by the county treasurer. This act, however, was repealed by the Act of May 29, 1931, P. L. 280 (72 PS § 5971a, note) ; and section 6 of the latter act (72 PS § 5971f), as quoted above, provides that the collector or receiver of taxes shall be entitled to receive a commission of 2 per cent. from the taxing district for which such tax is returned, when the tax is paid by the county treasurer to that taxing district, unless the tax collector is paid on a salary basis.

The appellant was not paid, by the county commissioners of Northumberland county, on a salary basis for the collection of county taxes.

The appellee contends that the appellant, having been elected as city treasurer while the Act of May 9, 1929, P. L. 1684 (72 PS § 5951 et seq.), was in force, could not receive the additional compensation allowed to tax collectors under the Act of May 29, 1931, P. L. 280, § 6 (72 PS § 5971f), because the emoluments, fees, and compensations of the appellant, as city treasurer, would be thereby increased during his term of office, which is prohibited by article 3, section 13, of the Constitution of Pennsylvania, which provides: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

The appellant is making no claim for compensation as city treasurer, to which office he was elected for a four-year term and for which, it is admitted by counsel, he was paid a salary. Appellant's claim is for the commission of 2 per cent. on county taxes returned by him, as collector of state and county taxes, and which were collected by the county treasurer and paid to the county of Northumberland.

The appellee and the court below seem to confuse the office of city treasurer with the office of collector of state

and county taxes. To the one, he was elected; to the other, he was appointed. In this case the office of city treasurer is separate and distinct from the office of collector of state and county taxes. However, one individual may hold both, for they are not incompatible by statutory inhibition or on the ground that it would be against public policy to permit one person to hold both of them. He became the collector of state and county taxes by appointment from the county commissioners of Northumberland county. He was appointed each year for that purpose; he filed his bond and received his duplicate. His compensation as collector of county taxes had no connection with his compensation as city treasurer. City treasurer of a city of the third class is one office, and collector of state and county taxes in that city is another. "In the eye of the law the same individual [the appellant] is two distinct officers, and for this reason is entitled to compensation incident to each office": Anson v. County of Montgomery, 71 Pa. Superior Ct. 225, 231.

The appellant could either accept or reject the appointment as collector of state and county taxes. The county commissioners of Northumberland county were not obliged to appoint the appellant. It was within their power to select and appoint the city treasurer, if they saw fit, or they could select and appoint any other resident of the city of Sunbury, who could qualify.

The court below relied upon the case of In re Appeal of Harry W. Bowman, 111 Pa. Superior Ct. 383, 170 A. 717. This case has no application to the case at bar. In the Bowman case, the appellant was elected township commissioner in the first-class township of South Fayette for a four-year term, beginning January 1, 1930, and expiring January 1, 1934, at an annual salary of $100. His salary was fixed by the Act of July 14, 1917, P. L. 840, as amended by the Act of April 23, 1927, P. L. 372. The act of June 24, 1931, P. L. 1206 (53 PS § 19092-101 et seq.), increased the salary of

township commissioners, in townships containing the number of inhabitants of South Fayette, to $200 per annum (53 PS § 19092-703). It was held that this was an increase of salary during the term for which the appellant had been elected, and within the prohibition of article 3, section 13, of the Constitution of Pennsylvania. It is apparent that the salary of Bowman was fixed as of the date of his election, and that an increase, by subsequent legislation, could not be allowed during the term for which he had been elected.

In the case at bar, the appellant was appointed collector of state and county taxes, in the city of Sunbury, for the year 1931, and again for the year 1932, and subsequent to the passage of the Act of May 29, 1931, P. L. 280 (72 PS § 5971a et seq.). He received no increase in compensation as city treasurer, to which office he had been elected, and which he assumed on January 1, 1930. Section 6 of the Act of May 29, 1931, P. L. 280 (72 PS § 5971a et seq.), had no application to his compensation for services performed as city treasurer, but relates only to compensation to which he may be entitled as collector of state and county taxes, in the city of Sunbury, to which office he had been appointed by the county commissioners of Northumberland county.

We are of the opinion that the court below erred in entering judgment for the defendant. The second and third assignments of error are sustained. The judgment is reversed, and is here entered, in accordance with the case stated, in favor of Ralph E. Jones and against the county of Northumberland, in the amount of $56.79. Costs of this appeal are to be paid by the appellee.