## Ribblet *v.* Westrick, Appellant.

Argued April 23, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*George M. Spence,* for appellant.

*Frank P. Barnhart,* of *Barnhart & Adams,* for appellee.

OPINION BY KELLER, P. J., July 18, 1941:

This appeal was certified to us by the Supreme Court, because the amount involved was within our jurisdiction. In it, the Controller of Cambria County seeks a ruling that the Act of May 29, 1931, P. L. 280,[1] is unconstitutional, in so far as it authorizes—in section 6—tax collectors to receive from the proper taxing district a commission of two per centum on any unpaid taxes returned by them as unpaid to the county commissioners, pursuant to section 1 of the Act, which are afterwards collected by the county treasurer and paid

---

[1] This Act was subsequently amended in 1939, Act of June 20, 1939, P. L. 498, effective the date of final enactment, but it is not claimed that it affects this appeal.

over to the taxing district. The provision of the Constitution alleged to be violated is Art. III, sec. 3, "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." There is no merit in the contention.

The title of the Act of 1931 is as follows:

"An Act relating to delinquent taxes on seated lands, and prescribing interest charges on nonpayment thereof; requiring the receivers and collectors of county, city, borough, town, township, school district and poor district taxes to make a return to the county commissioners of such unpaid taxes, and providing for the lien thereof; authorizing the county treasurers to collect such taxes, and to sell seated lands at public sale for taxes heretofore or hereafter returned as unpaid; and authorizing the county commissioners to purchase such lands and resell the same under certain circumstances."

Section 1 makes it the duty of each receiver or collector of taxes to *make a return to the county commissioners* of any county, city, borough, town, township, school district or poor district taxes, which are assessed and levied on seated lands, and which are unpaid, and for which no liens have been filed, not later than the first Monday of May, in the year succeeding the year in which the respective taxes were levied or assessed, *filing therewith* (a) a description of said real estate by adjoiners, or otherwise, sufficient to identify said land, (b) with the name of the owner or reputed owner against whom such taxes were assessed and levied, (c) the amounts of taxes unpaid, and (d) the year during which the said taxes were assessed or levied. Certain duties are imposed by sections 2 and 3 on the county commissioners, which include the entry of such returns on the Tax Return Docket, their indexing in the Tax Lien Index, and their certification to the county treas-

urer, who is authorized and empowered (section 3) to receive and collect the same, and is directed to keep a record of all taxes received or collected by him and pay over and distribute the same, *"less the costs and charges to which he may be entitled"* to the proper parties entitled to receive the same, for the uses and purposes for which such taxes were assessed and levied; and he is further directed to certify to the county commissioners within fifteen days following the payment thereof a list of the taxes thus collected by him for entry and satisfaction upon the said Tax Return Docket to be kept by the county commissioners.[2]

Section 6 provides as follows:

"After such return of taxes shall have been made in accordance with the provisions hereof, responsibility of the tax collector or receiver of taxes for the collection of taxes so returned shall cease. On making such return, the tax collector or receiver of taxes shall be entitled to exoneration from the taxes so returned on the settlement of his accounts. On any unpaid taxes returned to the county commissioners, the tax collector or receiver of taxes shall be entitled to receive a commission of two per centum (2%) from the taxing district for which such tax is returned when the tax is paid by the county treasurer to the proper taxing district; provided, that, where the tax collector is paid on a salary basis, he shall not be entitled to receive this commission of two per centum (2%)."

The appellee, collector of taxes of West Taylor Township, Cambria County, pursuant to the above mentioned statute, duly returned to the county commissioners of said county all taxes, assessed and levied on seated

---

[2] We shall omit from this opinion all reference to provisions in the Act giving priority of lien to taxes so returned and docketed, and directing the sale of such lands by the county treasurer, for they are not involved in this appeal.

lands, which were unpaid and for which no liens had been filed, and with said returns filed descriptions of the real estate, the names of the owners, the amounts of the taxes unpaid and the years during which the taxes were respectively levied or assessed. Of the amounts so returned by him, the county treasurer collected $4120.13, on which the collector, under said act, was entitled to receive 2%, or $82.40. Of this amount he was paid $21, commissions on $1049.59, so collected; but he has not been paid $61.40, commissions on $3070.54, county taxes collected and paid over to the *county,* because the county controller refused to approve and certify his bill or claim for that amount to the county commissioners for payment. Thereupon the collector filed his petition in the court of common pleas setting forth the foregoing facts, and obtained a writ of alternative mandamus, directing the said controller to show cause why he should not approve and certify said bill or claim. The controller, in his return, admitted the *facts* as averred in the petition, but denied that the sum of $61.40 was due petitioner as collector of taxes, because, he averred, the Act of 1931 was passed contrary to the provisions of Art. III, sec. 3 of the Constitution, in that (1) the title is defective because it does not disclose or give notice concerning the contents of the Act; and (2) it contains more than one subject. After hearing, the court directed a peremptory writ of mandamus to issue, and the controller, the respondent, appealed.

It is so well settled that the title of an act need not furnish an index of its contents, that citation of authority to support the statement is unnecessary.

The subject dealt with in this statute is the collection of delinquent taxes on seated lands. Anything reasonably germane to that subject may be included in the statute without special attention being directed to it in the title: *Blanchard v. McDonnell,* 286 Pa. 283,

287, 133 A. 505, SCHAFFER, J. The title of this act, however, does set forth that it *requires* receivers and collectors of county, city, borough, etc., taxes to perform certain duties therein imposed upon them, viz., to make return of unpaid taxes to the county commissioners. Attention being thus called, it is the duty of anyone interested in the subject to inquire as to what those duties are and whether they are to be rendered without charge or paid for, and if the latter, by whom. Tax collectors are usually paid a commission by the taxing district, based on a percentage of their collections. The present act requires the taxing district, which has been paid delinquent taxes, pursuant to the statute, to pay the collector, whose services contributed to this result, not the commission which he would have received had he made the collection himself, but a less amount, to wit 2%; and it specifically provides that in the event the collector is paid a salary instead of by commissions, he shall not be paid for the duties placed on him by the statute. It does not require any taxing district to pay commissions to the collector for any services but those rendered to it, and these services are not to be paid for unless the delinquent taxes are collected, and then only 2% of the amount paid to it as a result of the method prescribed by the act. It is to be noted that the title of the statute says nothing about any compensation to the county treasurer for the collections made by him pursuant to it, but section 3 directs that when he has collected any such taxes he shall "pay over and distribute the same, *less the costs and charges to which he may be entitled,*[3] to the proper parties entitled to receive the same." Surely in the face of such a direction the taxing district could not require the county treasurer to pay over to them the

---

[3] By section 8, the County treasurer is entitled to a commission of 2% for receiving and paying over the purchase money or taxes collected by him.

full amounts collected by him, without deducting his proper costs and charges, solely because the title of the act is silent on his compensation. So, too, the act provides for the exoneration of the collector as to all taxes so returned by him to the commissioners, but the title says nothing of such exoneration. All such matters, being germane to the general subject, may be included in the act without a special or particular reference to them in the title. They are merely concomitant or incidental to the duties imposed on the collectors: *Sloan v. Longcope*, 288 Pa. 196, 202, 135 A. 717.

The General Borough Act of May 4, 1927, P. L. 519, is entitled "An Act concerning boroughs, and revising, amending and consolidating the law relating to boroughs." In its Table of Contents, pp. 519-522, it refers to the election of officers, Art. VIII, including tax collectors (i); and to the powers and duties of elected borough officers, Art. X, including tax collectors (g), but there is not one word in the lengthy table of contents which refers to the compensation to be paid tax collectors; and yet it would be absurd to say that the provision in the act compensating them for their services by a commission on their collections (sec. 1309) would be unconstitutional and in violation of Art. III, sec. 3. See *Com. ex rel. v. Macelwee*, 294 Pa. 569, 144 A. 751, relative to the General Township Act of July 14, 1917, P. L. 840 and the compensation of township treasurers.

We considered this act in the case of *Jones v. Northumberland County*, 120 Pa. Superior Ct. 132, 182 A. 65, and upheld it. It is true that a different clause of the Constitution (Art. III, sec. 13) was there involved, and no claim was made that Art. III, sec. 3 was also violated; but that was probably because the matter now under consideration was regarded as too plain for argument.

The matter is really too clear to require extended

discussion, but by way of specific cases supporting our conclusion we refer to *Blanchard v. McDonnell*, supra; *Com. ex rel. v. Macelwee*, supra; *Jefferson County v. Rose Twp.*, 283 Pa. 126, 132, 129 A. 78; *Hays v. Cumberland County*, 5 Pa. Superior Ct. 159, affirmed 186 Pa. 109, 40 A. 282; *Graeff v. Schlottman*, 287 Pa. 342, 345, 135 A. 308; *Retirement Board v. McGovern*, 316 Pa. 161, 174 A. 400; *Com. ex rel. Attorney General v. Snyder*, 279 Pa. 234, 123 A. 792; *Hadley's Case*, 336 Pa. 100, 106-7, 6 A. 2d 874; *Com. ex rel. White v. Miller*, 313 Pa. 140, 143-4, 169 A. 436; *Boocks's Petition*, 303 Pa. 363, 366, 154 A. 710; *Com. v. Stofchek*, 322 Pa. 513, 517, 185 A. 840. The following extract from the opinion in the last named case is applicable here:

"The provision [Art. III, sec. 3] was not intended to exercise a pedantic tyranny over the grammatical efforts of legislators, nor to place them between the horns of a constructional dilemma, namely, that the title of an act must be so general or so particularized as to include all of its subject-matter, and yet not so general as to give no indication of its purpose, nor so particular as to inferentially exclude from its scope any items inadvertently omitted. As stated in *Soldiers and Sailors Memorial Bridge*, 308 Pa. 487, citing *Carr v. Aetna A. & L. Co.*, 64 Pa. Superior Ct. 343, at 349, the provision is not applicable 'unless a substantive matter, entirely disconnected with the named legislation, is included within the folds of the bill'. It is intended to operate to exclude from the measure that which is secret and unrelated: *Beckert v. City of Allegheny*, 85 Pa. 191. This history of this section indicates that this is its true purpose."

Judgment affirmed.