This supplemental opinion is filed for the purpose of giving a somewhat fuller presentation of the principal ground on which our judgment entered October 22, 1941 was based.
We have considered the constitutionality of the Act of May 29, 1931, P.L. 280 (72 P. S. § 5971(a) et seq.) in two earlier cases and upheld it in both. In Jones v. County of Northumberland, 120 Pa. Super. 132, 182 A. 65, we held that it did not increase the salary or emoluments of county treasurers in violation of Art. III, sec. 13 of the Constitution. In Ribblet v. Westrick,145 Pa. Super. 409, 21 A.2d 510, we held that it was not violative of Art. III, sec. 3, which provides that "No bill, except general appropriation bills, shall be *Page 115 
passed containing more than one subject, which shall be clearly expressed in its title." We now hold that it is not unconstitutional — as contended for by the appellant — because its title does not give notice of the provision in section 18 that nothing contained in the act should be construed to repeal the act approved May 16, 1923, P.L. 207. The title of an act does not have to state what statutes are repealed by it or even that any statutes are so repealed. The reader is expected to examine the body of the act to find that out. Nor is it necessary to state in the title what acts are, by way of extreme caution, expressly saved or excluded from repeal. The two acts are not inherently repugnant or contradictory. They are rather complementary, furnishing alternative or perhaps successive remedies; and the provision, inserted out of over-abundant caution, that the later act should not be construed as repealing the earlier, did not have to be expressed in the title.
It is provided in section 21 of the Act of 1931, that if the taxing authorities of any district shall notify the tax collector, in writing that returns of taxes as provided in the act shall not be made by him to the county commissioners, but that delinquent taxes are to be collected by the filing of liens in the office of the prothonotary [under the Act of 1923] the tax collector shall not make any return of taxes under the Act of 1931. If no such notice was given the tax collector by the taxing authorities it was his duty to comply with the act and make the return provided for therein, but he was obliged to do it within the limitation expressly fixed in the act, to wit, "not later
than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied."[1] If he neglected to perform *Page 116 
his duty under the Act of 1931 within the time limitation fixed in the act, unless it had been extended by the consent of the taxing authority pursuant to some enabling act (see Act of May 3, 1933, P.L. 237), his power and authority to do so was wanting, his responsibility for the collection of the tax remained and he was not entitled to exoneration from any taxes returned by him after his authority to do so was gone, and subsequent action by the county commissioners and the county treasurer on such belated and unauthorized returns was invalid.
This does not mean that the right of the taxing district to the taxes so assessed and levied is gone. It still has the alternative remedy of proceeding to collect delinquent taxes by the filing of liens in the office of the prothonotary under the Act of 1923. But it necessarily follows that any taxes paid by a property owner to the tax collector, while the duty and responsibility rested on him to collect them, constituted a valid and legal payment, and that the taxpayer's property could not be liened or sold thereafter for the taxes so paid.
The Enabling Act of May 3, 1933, P.L. 237, is not applicable here because it does not appear that the tax collector obtained "the written consent of the taxing *Page 117 
authorities . . . . . . which levied the tax" to make return of the same to the county commissioners after the time limited in the Act of 1931, or that he had done so pursuant to the Act of 1933 aforesaid. On the contrary, it appears that the taxing authorities proceeded to file liens for delinquent taxes in the office of the prothonotary pursuant to the Act of 1923, supra, which would have been valid and enforceable liens were it not for the fact that this appellant had in the meantime, to wit, on July 18, 1933, paid all his taxes to the tax collector, who was still authorized by his warrant to collect them.
This case is not affected by the amendments to the Act of 1931 contained in the Act of June 20, 1939, P.L. 498, (effective on the date of its final enactment), for the delinquent taxes due on appellant's property for 1932 had been paid by him to the tax collector long before the date of its enactment. Consequently we have made no reference to the changes in the Act of 1931 effected by the Act of 1939. Our discussion has been confined to the law as it was prior to the passage of the Act of 1939. We may add, however, that the passage of that act, as well as the Act of 1933, supra, is a confirmation of our position, stated above, that, unless so extended, the authority of the tax collector to make a return of delinquent taxes to the county commissioners under the Act of 1931, expired by the limitation contained in that act on "the first Monday of May in the year succeeding the year in which the respective taxes were assessed and levied."
[1] The language used is in form a limitation. Compare 2 Blackstone's Commentaries, p. 155, where in discussing estates upon condition, the learned author said: "For when an estate is so expressly confined and limited by the words of its creation, that it cannot endure for any longer time than till the contingency happens upon which the estate is to fail, this is denominated a limitation: as when land is granted to a man solong as he is parson of Dale, or while he continues unmarried, oruntil out of the rents and profits he shall have made 500£, and the like. In such case the estate determines as soon as the contingency happens, (when he ceases to be parson, marries a wife, or has received the 500£) and the next subsequent estate, which depends upon such determination, becomes immediately vested, without any act to be done by him who is next in expectancy." By the express language of the Act of 1931 the power or authority of the tax collector to make a return of delinquent taxes to the county commissioners, with its accompanying exoneration of responsibility for their collection, was limited to a period "not later than the first Monday of May in the year succeeding the year in which the respective taxes were assessed and levied."