## Tremont Township v. Schuylkill Mining Company

*Charles L. Frank*, for plaintiff.
*Roy P. Hicks*, for defendant.

DALTON, J., January 12, 1948.— This is an action of assumpsit by the Township of Tremont to recover township road taxes for the years 1940 to 1946, inclusive, assessed against defendant as the owner of certain seated lands during the said years.

The action is authorized by the Local Tax Collection Law of May 25, 1945, P. L. 1050, sec. 21(*b*), 72 PS §5511.21(*b*), which provides that:

"In addition to all other remedies provided by this act, each taxing district shall have power to collect unpaid taxes from the persons owing such taxes by suit in assumpsit or other appropriate remedy."

Defendant has filed preliminary objections to the complaint which challenge the provisions of the above section as being violative of article III, sec. 3, of the Constitution of Pennsylvania in that the title of the act does not give notice of such provisions. The title of the act reads:

"An act relating to the collection of taxes levied by counties, county institution districts, cities of the third class, boroughs, towns, townships, certain school districts and vocational school districts; conferring powers and imposing duties on tax collectors, courts and various officers of said political subdivisions; and prescribing penalties."

The sufficiency of this title was upheld with respect to a different provision of the act in Speck v. Philips et al., 160 Pa. Superior Ct. 365, 373. The Superior Court stated that the act is a codification of previous laws relating to the subject with which it deals and held that the title "clearly puts those interested on notice to inquire as to matters contained therein . . .". This was in accord with what was said in Gumpert's Estate, 343 Pa. 405, 407:

". . . all the Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act. The incidental provisions of the statute need not

be enumerated or indexed in the title if they are germane to the legislation as a whole." See, also, Minsinger v. Rau, 236 Pa. 327, 336, and Commonwealth ex rel. v. Snyder, 279 Pa. 234, 242, 243.

The subject matter of this act is expressly stated in the title to be the "collection of taxes". As was said in Ribblett v. Westrick, 145 Pa. Superior Ct. 409, 413: "Anything reasonably germane to that subject may be included in the statute without special attention being directed to it in the title." Nothing could be more germane to a tax collection act than a provision establishing the method of such collection. Anyone reading the title must expect to discover that in the body of the act. See Miller v. Northampton County et al., 307 Pa. 550.

But it is argued that the act imposes a new burden on the taxable, in that a judgment in assumpsit would impose a general personal liability on him and that notice of such a burden should be given in the title. So far as seated lands are concerned, personal liability for taxes has been an incident of ownership of land ever since the earliest years of the Commonwealth. It was not until the passage of the Act of April 29, 1844, P. L. 486, sec. 41, 72 PS §5984, that seated lands could be sold for taxes. Prior to that time taxes on seated land could only be enforced against the owner personally by distraint on his chattels or imprisonment of his person: Northumberland County et al. v. Philadelphia & Reading Coal & Iron Co., 131 F. (2d) 562, 565. It was for this reason that it was held in Burd v. Ramsay, 9 S. & R. 109, that taxes due for seated lands were not a lien on the land but only a personal charge against the owner. The principle of personal liability for taxes on seated land has never been departed from. See Shaw v. Quinn, 12 S. & R. 299, 300; Erwin v. Helm, 13 S. & R. 151, 154; Sheaffer v. McKabe, 2 Watts 421, 422; Caldwell v. Moore et al., 11 Pa. 58, 61; Miller et al. v. Gorman et al., 38 Pa. 309; Kean v. Kinnear, 171 Pa.

639; Penna. Co. etc. v. Bergson, 307 Pa. 44, 49; and Commonwealth, to use, v. Mahon, 12 Pa. Superior Ct. 616, 624-5. And while a common-law action to enforce such a personal liability would not lie in the name of a taxing district, except in Philadelphia County, until the School Code was enacted in 1911, the tax collector could bring such suit after the expiration of his warrant under the authority of the Act of April 11, 1848, P. L. 517, sec. 3, 72 PS §5645.

Furthermore, since 1911 a number of statutes have been passed authorizing certain taxing districts to sue in assumpsit for taxes. See the School Code of May 18, 1911, P. L. 309, sec. 503, 24 PS §384, conferring such power on school districts; the Act of July 18, 1935, P. L. 1290, sec. 11, 53 PS §15221, granting the power to boroughs, and the Act of June 20, 1939, P. L. 508, sec. 2(b), which granted the power to counties, third class cities, boroughs, townships, school districts and institution districts. It may be noted incidentally that none of these enactments made any distinction between taxes on seated lands and taxes on unseated lands. The sufficiency of the title to a statute should be judged in the light of legislation existing at the time of its passage: Harr v. Boucher et al., 142 Pa. Superior Ct. 114, 122. In view of the previous legislative enactments on the subject, the title of the Act of 1945 is fully sufficient to sustain the provisions of section 21(b).

Finally, we may add that even if section 21(b) of the Act of 1945 were to be held unconstitutional, this action could be maintained under the Act of June 20, 1939, P. L. 508, sec. 2(b), the constitutionality of which defendant concedes, even though the Act of 1939 was expressly repealed by the Act of 1945. The reason is that "a repealing clause expressly repealing a prior statute is itself ineffective where the substitute for the prior statute provided in the repealing statute is unconstitutional, and where it does not appear that the legislature would have enacted the repealing clause

without providing a substitute for the act repealed": Mazurek v. Farmers' Mutual Insurance Co., 320 Pa. 33, 38.

And now, January 12, 1948, the preliminary objections to the complaint are overruled and defendant is allowed 20 days from this date to file an answer.