## Harer, County Treasurer, v. Heim et al.

*Harry C. Fithian, Jr.*, for plaintiff.

*Dan D. Kline, John E. Cupp* and *M. C. Rhone*, for defendants.

HUMES, J., April 18, 1940.—This matter comes before the court upon a bill in equity by which the orator prayed that the county commissioners and Dan D. Kline be restrained from collecting delinquent county taxes, alleging as the basis of his bill that the county treasurer by virtue of his office is the only person entitled to collect such taxes. Defendants filed their joint answer, assert-

ing that the duty of collecting such taxes devolved upon the county commissioners, who could, in the proper exercise of such duties, delegate a suitable person to act as their agent, and did so delegate Mr. Kline. By stipulation of the parties, it was agreed, and the court ordered, that the rule for a preliminary injunction should be discharged and that the matter should come on for hearing on the merits. Testimony was taken, argument had, and briefs presented.

The questions involved in the case are: First, are the County Commissioners of Lycoming County authorized to collect delinquent taxes, doing so through an agent; and second, may they allow such agent to retain a percentage of such collections as recompense?

The questions in this case are raised by petitioner, the duly elected, qualified, and acting County Treasurer of Lycoming County. It is his contention that in the county treasurer lies the right and duty to collect delinquent taxes rather than in the county commissioners, who have been performing this function for the past several years, through their agent, Dan D. Kline, who happens to be, in addition, the county solicitor.

The General County Law of May 2, 1929, P. L. 1278, art. IV, sec. 362, 16 PS §362, defines the duties of the county treasurer as follows:

"It shall be the duty of the treasurer of every county, where the office of controller has not been established, to receive all moneys due or accruing to the county, and to pay the same on warrants drawn by the commissioners." We agree with petitioner that this gives the authority to the treasurer to receive the delinquent tax money, but we think that this authority is exercised if he receives it, after it has been collected. The authority to receive the money does not presuppose the power to collect it; in fact petitioner in his brief has stated that "receive" and "collect" are not synonymous terms; his definition of "collect" being to "demand and receive payment".

The county commissioners are the executive officers of the county. It is over their signatures, or the county solicitor's, that liens are entered under the Lien Act of May 16, 1923, P. L. 207, sec. 10, as last amended by section 1 of the Act of June 15, 1939, P. L. 354, 53 PS §2030, which prescribes the procedure to be used in the collection of delinquent taxes by the entry of liens, the method used in Lycoming County by determination of the county commissioners who have exercised their discretion in accordance with section 21 of the Tax Sales Act of May 29, 1931, P. L. 280.

Such tax liens are entered in the name of the county, over the signatures of the county commissioners, as the chief executive officers. It follows that the collection of the taxes and the enforcement of the liens should be in the officers in whose names they are entered. The commissioners could lie idly by and await the payment of the taxes and the extinguishment of the liens sometime in the natural course of events, but as the officers in charge of the county business they have taken steps to expedite the paying of the delinquent taxes. They could have taken these steps themselves by writing letters over their several signatures as commissioners, or they could have chosen one of their body to act as delinquent tax collector, exactly as they have roughly divided their individual responsibilities as to the court house, jail and institution district farm, for example. Or they could have delegated the task to someone, acting as their agent, for whose work they are in the last analysis responsible, just as they have delegated the duties relative to the care of the court house, the institution district farm, and the institution district as a whole.

It is this last course which they have taken, choosing to delegate the duty of collecting delinquent taxes to an agent, and the person they have chosen as such agent happens to be the county solicitor. His duties as such agent, however, are separate and distinct from his duties as county solicitor, and are not covered by his salary as

such solicitor. We see nothing making the two offices legally incompatible. See Jones v. Northumberland County, 120 Pa. Superior Ct. 132, where under a prior statute the county commissioners appointed as collector of the county taxes in and for the City of Sunbury the duly elected and acting city treasurer.

We are astounded at the lack of statutory enactment or authority upon the important subject of the collection of delinquent taxes, and we can account for such lack only for the reason given by Mr. Kline in his brief that delinquent taxes did not become a major problem until 1933, after the financial crash of 1929, and the bank holiday of 1933.

We do note, however, that where the county treasurer is specifically appointed as agent for collection of taxes, the statutes definitely so provide; see The Fiscal Code of April 9, 1929, P. L. 343, sec. 610, 72 PS §610, which describes the county treasurers as "agents of the Commonwealth for the collection of mercantile taxes", and the Tax Sales Act of 1931, supra, sec. 3, which specifically authorizes and empowers the county treasurer "to receive and collect" the delinquent taxes.

Our holding in this regard is dictated in large measure by four considerations: First, the fact that there is no definite authority to show that the county treasurer is the person authorized to act as delinquent tax collector; second, the fact that the county commissioners are collecting such taxes now through their constituted agent, and the burden of proof is upon claimant to show that some other person to the exclusion of the county commissioners has such authority before we should be justified in disturbing the status quo; third, the fact that the responsibility of running the county business is in the county commissioners, which should include, in the absence of definite authority otherwise, the responsibility of collecting taxes; and fourth, the fact that the liens for delinquent taxes are entered in the names of the

county commissioners, who should have the correlated authority to collect the taxes represented by such liens.

We now come to the second question. We have decided that the commissioners may collect the delinquent taxes, that they may do so through an agent, that the agent's duties in this regard do not legally conflict with the duties of a county solicitor, that the salary of county solicitor does not cover the work of collecting delinquent taxes. We now hold that the county commissioners may make provision for the payment of such delinquent tax collector. Again, their authority in this regard is not defined or limited by statutory enactment, governing the amount of such recompense.

We, therefore, hold that the county commissioners, in the exercise of their sound discretion relative to the operation of the county business, may appoint for the purpose of collecting delinquent county taxes whomsoever, and at whatsoever recompense, they see fit. The court has no power to dictate as to the person so appointed, or the wages or commission so fixed.

However, we do find statutory enactment limiting the manner in which such payments are to be made.

The General County Law of 1929, supra, sec. 362, quoted hereinbefore at length, provides for the county treasurer's receiving all money due or accruing to the county, and paying the same on warrants drawn by the commissioners. We have already stated that this gives the authority to the treasurer to *receive* the collected taxes, and we hold that it means *all* the collected taxes; that is the gross amount. We have also held that the commissioners may fix the compensation of their agent for collection, and we believe that they may fix such compensation upon a commission basis rather than a set salary, if they see fit.

But as to the payment of such compensation, we hold that it must be paid so as to conform with the provisions of The General County Law, for the gross amount of the collected taxes is money due the county; then the com-

missioners should draw warrants upon the county treasurer for the amount due their collector in accordance with the terms of his appointment, and the county treasurer should then pay the collector out of the funds in his hands. It is important that the law in this regard be followed, for only in that way can the county treasurer be held responsible for the handling of county funds, only in that way can the auditors of the county accurately audit the county records, and only in that way can the public be kept apprised of the total county moneys, and their disposition.

We, therefore, answer the two questions raised in this case as follows: The county commissioners have authority to collect delinquent county taxes, and may do so through an agent, who may be paid upon the basis of a commission of such collections, such payment to be made to the collector by the county treasurer upon warrants for such payment issued by the county commissioners after the gross amount of such collections has been paid to the county treasurer.

It has been decided by us that the offices of county solicitor and county commissioner's agent for the collection of delinquent taxes are not incompatible, but that in the eyes of the law the same individual is two distinct officers: Jones v. Northumberland County, supra. We believe that the individual filling these two offices should, however, be diligent to keep separate the functions of each position, and should not use the position or title of county solicitor to expedite collections as collector. To this end, he should not use the stationery of the county solicitor to effect or influence collections.

The court, deciding the second question in favor of plaintiff, but, more important, believing that this action was instituted by plaintiff in the public interest, by virtue of the fact that he is a public officer, and in order that the public welfare might be safeguarded, and the court, believing that it is to the interest of the public that such actions should be encouraged rather than discouraged,

and that plaintiffs in such cases be commended rather than penalized, will direct that the costs in this matter shall be paid by the County of Lycoming.

### Order

And now, April 18, 1940, the court, holding that the County Commissioners of Lycoming County are authorized by law to collect delinquent taxes, and to do so through an agent, allowing such agent to be compensated upon a commission basis; but the court advising that such compensation should hereafter be paid by the county treasurer upon warrant duly issued by the county commissioners after the gross amount of collections has been paid to the county treasurer, the court orders and decrees that the bill of complaint be and it is hereby dismissed, the costs to be paid by the County of Lycoming.