### Commonwealth v. Goldscheiter

*Edward T. Kelley,* District Attorney for Commonwealth.

*Chase & Swoope,* for defendant.

BELL, P. J., August 13, 1946.—The Pennsylvania State police filed an information charging defendant with operating a motor vehicle after her operating

privilege had been suspended and not been reinstated, and with operating a motor vehicle while under the influence of intoxicating liquor, contrary to section 620(*f*), art. VI, of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329.

In the February term of court the jury was unable to agree, and after being out for sometime, was discharged and the case retried at the May term of court, 1946. The jury, on May 13, 1946, returned a verdict finding defendant not guilty of driving after the license had been suspended, but guilty of driving while under the influence of intoxicating liquor. A motion for a new trial and a motion in arrest of judgment were filed by defendant.

At both the trial and argument, counsel conceded that defendant, Marion Goldscheiter, was in an intoxicated condition when the officers removed her from this motor vehicle. Harry Thompson, constable of Irvona, observed this car traveling across three lawns near White Street in Irvona Borough. The car came to a stop at an embankment. He followed the car and immediately opened the door. The only occupant, defendant Marion Goldscheiter, was in a drunken condition and told the officer that she had come from a point approximately nine miles away. This same information was repeated to the State policeman and Clearfield constable on their arrival, to the doctor who examined her, and again the following morning to the justice of the peace before whom defendant pled guilty and admitted that she drove the car while in an intoxicated condition, on the public highway. The jury in the first case was unable to reach any agreement and was discharged. At the trial defendant denied that she operated the car at any time while in her admitted intoxicated condition. It was conceded that her operating privileges had been suspended. At the second

trial she produced Harry Queen, who testified that he drove the car and got out prior to the constable getting there. Defendant testified that this boy, Harry Queen, did drive her from the club at Beccaria to the point in Irvona where she was picked up, and claimed she had not been able to locate him at the first trial, but had since located him.

Section (*h*) of section 620, of The Vehicle Code makes it unlawful "to operate any motor vehicle upon the highways of this Commonwealth after the operating privilege is suspended". The court charged the jury that in order to convict defendant of the violation of this section, they must find that she operated the motor vehicle on the highway. On this count they acquitted defendant.

As to operating a motor vehicle while under the influence of intoxicating liquor as set forth in subdivision (*f*) of section 620 of this same act, we pointed out that the legislature made it unlawful to operate a motor vehicle while under the influence of intoxicating liquor, without any mention of a highway. On this count the jury returned a verdict of guilty and from this verdict defendant has appealed.

This is a penal statute and must be strictly construed, any doubt to be interpreted in favor of defendant. There are no appellate court cases in Pennsylvania, but two county court cases which we followed when we charged the jury. In the opinion of Judge Musmanno in Commonwealth v. Campbell, 84 Pitts. L. J. 681, that court pointed out that The Vehicle Code in its definition of driving while intoxicated, does not require that the car be operated on a public highway. He said at page 682:

"There is nothing in these words which suggests, or by any line of reasoning could be interpreted to mean, that the prohibition applies only to cars on the public highway. The statute declares as plainly as the Eng-

lish language can put it . . . . It categorically and all-inclusively forbids a motorist under the influence of intoxicating liquor to operate a car anywhere, any time, any place."

Judge Musmanno points out the number of cars to be found in public parks, large estates and other private domains, and that the State, for the protection of public safety, had the right to prohibit one while intoxicated from driving his car anywhere. That court held it is unlawful for anyone in an intoxicated condition to start the motor of an automobile, whether the car be on the public highway, in a garage, or whether the car was moved at all.

To the same effect is the case of Commonwealth v. Oakley, 36 D. & C. 326. There the court of Bucks County held it was a criminal offense to operate a motor vehicle, even though the operation was on a private property. In this opinion the court pointed out that the act was intended for the protection of public safety and the purpose of prohibiting a person from operating a motor vehicle while intoxicated is for the public safety.

In the act of assembly "highway" is defined as every way or place open to the use of the public as a matter of right; and "operator" is defined as every person who is in actual control of a motor vehicle upon a public highway. As the act prohibits the operation while intoxicated, it might be argued that such operation, under the definition of "operator" in the act, is limited to the public highway. Judge Boyer, in his opinion, points out that the word "operate" is used, and not the word "operator", and states that had the legislature intended to limit the operation to the public highways or any highway, they would have put the limitation in the section as they did in the section as to driving while a license is suspended. The Bucks

County court argues that every year there are many cars at picnics, ball games of various nature, races, hotel grounds, theatre, political, and public meetings held off the highway; and states at page 329:

"To say that the public was not intended to be protected against drunken drivers at such places and occasions would be an unjustified reflection upon the intelligence and integrity of the legislature. It all indicates that the legislature meant exactly what is said."

As the section of the act does not require that the vehicle be operated on any highway, we are concerned only with the question as to whether the title of the act gives sufficient notice as to the subject treated therein. Defendant's counsel argue that the prior act of assembly limited this violation to the highway, and when it was changed in the present act, some notice should be given the public. We have held in several cases that violations as to improper equipment were limited to operation on the highways. The definition of "highway" in the act of assembly is "those places open to use by the public as a matter of right". Use of highway in this sense would justify the decisions of the two cases just cited, though not in accordance with the dicta of the court.

In this case the jury have been unwilling to accept the testimony of the officers as to defendant's admission she drove the car. They accepted only the testimony of the constable who saw her driving across three lawns. They failed to convict her of operating a motor vehicle after her license was suspended. The suspension was admitted; so from the testimony introduced at the second trial, it is apparent the jury believed that she did not drive her car at any place open for public use.

In the case of Commonwealth v. Miller, 313 Pa. 140, the Supreme Court of our State held:

" 'Where a general title, sufficient to cover all the provisions of an act, is followed by specifications of the particular branches of the subject with which it proposes to deal, the scope of the act is not limited nor the validity of the title impaired except as to such portions of the general subject as legislators and others would naturally and reasonably be led by the qualifying words to suppose would not be affected by the act. This is the rule established by all our cases. It is an application of the maxim expressio unius exclusio alterius. The express enumeration of the specific subjects must be affirmatively misleading as to the intent to exclude others, or the title will not be made invalid by it.' "

The first clause of the title of the act, "for the protection of the public safety", we feel is sufficient notice to cover legislation governing the operation of motor vehicles where the public would have the right to operate a car. The title of the act does not give notice of any intention to change the law, and while we do not believe that in order to be guilty of a violation of this section one needs to be operating on a public highway we believe our charge to the jury went too far in stating that it didn't need to be on any road at all. As defendant is entitled to have the criminal statute strictly construed, and the title to the act is "for the protection of public safety", the qualifying words following it would indicate that it was intended for public safety with respect to where vehicles might normally be driven. We, therefore, conclude the court's charge was in error.

The jury accepted the testimony of Harry Queen that he drove the car, and of defendant that she hired him to do so. Since this trial, the witness, Harry Queen, has admitted that he did not drive the car, and pled guilty to perjury. We are informed that charges are likewise pending against defendant and her husband. We do not feel that defendant should have the

benefit of the testimony of Harry Queen, as his testimony has been destroyed by his plea. As motions for new trial and for arrest of judgment were presented and not withdrawn, we could not sustain the motion in arrest of judgment under the circumstances as they now exist. The motion for new trial will be sustained and the case directed to be retried at the coming September term of the court of quarter sessions.

### Order

Now, August 13, 1946, for the reasons set forth in the foregoing opinion, a new trial is granted to Marion Goldscheiter on the charge of driving while under the influence of intoxicating liquor. The motion in arrest of judgment is overruled by reason of the new trial having been granted.